UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 7 |
| SABA ENTERPRISES, INC., | Case No. 05-B-60144 (AJG) |
| Debtor. | |

---------------------------------------------------------------X
JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF SABA ENTERPRISES, INC.,

                      Plaintiff,

                      -against-                      Adv. Pro. No.

GRECOGAS LIMITED, GREKA ENERGY
INTERNATIONAL BV, RINCON ISLAND
LIMITED PARTNERSHIP, GREKA OIL
& GAS, INC., GREKA INVESTMENTS,
INC. F/K/A GREKA, CA., INC., SANTA
MARIA REFINING COMPANY, GREKA
INTEGRATED, INC., GREWAL INVESTMENTS,
INC., GREWAL (ROYALTY) LLC, ALEXI
HOLDINGS LIMITED, ALEXI REALTY, INC.,
ALL ROUND MANAGEMENT LIMITED, and
RANDEEP S. GREWAL,

                      Defendants.
---------------------------------------------------------------X

# **COMPLAINT**



     John S. Pereira, the Chapter 7 Trustee (the "Trustee") of Saba Enterprises, Inc. (the "Debtor"), by his attorneys, Jones & Schwartz, P.C., complaining of Grecogas Limited, Greka Energy International BV, Rincon Island Limited Partnership, Greka Oil & Gas, Inc., Greka Investments, Inc. f/k/a Greka, CA, Inc., Santa Maria Refining Company, Greka Integrated, Inc., Grewal Investments, Inc., Grewal (Royalty) LLC, Alexi Holdings Limited, Alexi Realty, Inc., All

1

Around Management Limited and Randeep S. Grewal, the defendants herein, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action by the Trustee to avoid and recover all avoidable transfers made to Defendants, Grecogas Limited, Greka Energy International BV, Rincon Island Limited Partnership, Greka Oil & Gas, Inc., Greka Investments, Inc. f/k/a Greka, CA, Inc., Santa Maria Refining Company, Greka Integrated, Inc., Grewal Investments, Inc., Grewal (Royalty) LLC, Alexi Holdings Limited, Alexi Realty, Inc., All Around Management Limited and Randeep S. Grewal (collectively the "Defendants") pursuant to Sections 544, *et seq* of the Bankruptcy Code (11 U.S.C. §§ 544, 547, 548, 550) and New York Debtor and Creditor Law §270 *et seq.*, and to compel the Defendants to turnover property of the estate pursuant to Section 542 of the Bankruptcy Code; and to recover damages based upon Randeep S. Grewal's breach of fiduciary duty to the Debtor and the Debtor's creditors.

## JURISDICTION AND VENUE

2. This adversary proceeding is brought pursuant to Rule 7001 *et seq*. of the Federal Rules of Bankruptcy Procedure seeking relief in accordance with Sections 542, 544, 547, 548 and 550 of the Bankruptcy Code.

3. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. Sections 1334(b) and 157(a) and (b).

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A), (E), (F), (H) and (O).

5. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C.

2

Section 1409(a).

## PARTIES

6.  The Trustee was duly appointed and is entitled to bring this action against the Defendants as the representative of the estate pursuant to 11 U.S.C. § 323 and in accordance with his statutory duties under 11 U.S.C. § 704.

7.  Upon information and belief, the Defendants maintain present addresses as follows: Grecogas Limited, Suite 3308, Two Exchange Square, Central, Hong Kong; Greka Energy International BV, Strawinskylaan 3105, Amsterdam, Noord-Holland Netherlands 1077; Rincon Island Limited Partnership, 5750 Pacific Coast Hwy, Ventura, CA 93001-9748 and 6527 Dominion RD, Santa Maria, CA 93454; Greka Oil & Gas, Inc., 6527 Dominion Rd, Santa Maria, CA 93454; Greka Investments, Inc. f/k/a Greka, CA, Inc., 630 5th Ave., Ste. 1501, New York, NY 10111; Santa Maria Refining Company, 1660 Sinton Rd., Santa Maria, CA 93458; Greka Integrated, Inc., 630 5th Ave., Ste. 1501, New York, NY 10111; Grewal Investments, Inc., 17100 Pioneer Blvd., Artesia, CA 90701 and 856 North Ross St., Santa Ana, CA 92701; Grewal (Royalty) LLC, 45 Rockefeller Plaza, Suite 2410, New York, New York 10111; Alexi Holdings Limited, 630 5th Ave., Ste. 1501, New York, NY 10111; Alexi Realty, Inc., 6527 Dominion RD, Santa Maria, CA 93454; All Around Management Limited, P.O. Box 957, Road Town, Tortola, BVI; and Randeep S. Grewal ("Grewal"), 575 Madison Ave., Suite 1006, New York, NY 10022. All of these defendants, with the exception of Grewal, are referred to, collectively, as the "Corporate Defendants".

## FACTS COMMON TO ALL CLAIMS

8.  On November 30, 2005 (the "Petition Date"), a voluntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was filed by the Debtor in the United States Bankruptcy Court for the Southern District of New York.

3

9. The United States Trustee appointed John S. Pereira as the Trustee pursuant to 11 U.S.C. § 701 of the Bankruptcy Code.

10. The Corporate Defendants are owned, directly or indirectly, in whole or in part, by Grewal, and he controls their operations.

11. Grewal was the owner, directly or indirectly, of the Debtor, and controlled its operations in his sole discretion, as its sole director.

12. Pre-petition, the Debtor was a holding company which, in the several years prior to the petition date, possessed valuable assets throughout the world. These assets included, *inter alia,* oil and gas leases, real property, an asphalt refinery and gas and mineral interests both in the United States and China.

13. That prior to the Petition Date, the Debtor, at the direction of Grewal, transferred to the Corporate Defendants all of the assets of the Debtor.

14. That these transfers left the Debtor with no assets, significant unsecured debt, and no financial means to pay such debt.

15. That Grewal personally profited from these transfers to the detriment of the unsecured creditors of the Debtors.

16. That the Debtor did not receive reasonably equivalent value for these transfers. To date, the Defendants have not repaid or returned all or any portion of the transfers to the Debtor or the Trustee.

### **FIRST CAUSE OF ACTION**

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 hereof with the same force and effect as if fully set forth herein.

18. Grewal was responsible for the daily operations of the Debtor and controlled the

4

corporate decisions of the Debtor.

19. Upon information and belief, the board of directors of the Debtor, as controlled by Grewal, was either non-existent or non-functioning and did not act in the Debtor's best interest.

20. Grewal was aware that the Debtor was incurring additional debt while insolvent and that the Debtor was operating while severely undercapitalized.

21. Upon information and belief, Grewal exercised domination and control over the Debtor and its activities.

22. Grewal should be held personally and individually liable for all debts of the Debtor, as the Debtor was merely the agent, instrumentality or alter ego of Grewal without any separate or independent mind, will or existence of its own, rendering the corporate form of the Debtor meaningless.

23. By reason of the foregoing, the corporate form of the Debtor should be disregarded and Grewal held liable for all claims against the Debtor in an amount to be determined at trial but believed to be no less than $50,000,000.00.

**SECOND CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**

24. The Trustee repeats, reiterates and realleges each and every allegation as set forth in paragraphs 1 through 23 with the same force and effect as if fully set forth herein.

25. As a controlling shareholder and officer of the Debtor, Randeep S. Grewal (Grewal), acting individually and in the name of the Debtor, owed the Debtor fiduciary duties of due care, loyalty and fair dealing.

26. As previously set forth, the Debtor, as controlled by Grewal, was a party to various fraudulent conveyances, thereby rendering said transfers voidable as to the Debtor.

27. At the time of said fraudulent conveyances, Grewal owed fiduciary duties of due care,

5

loyalty and fair dealing to the creditors of the Debtor, as well, because of the Debtor's insolvent financial condition.

28. Upon information and belief, Grewal participated in all of these fraudulent conveyances for his own benefit.

29. Upon information and belief, all of these transfers evince a high level of moral turpitude on the part of Grewal.

30. Upon information and belief, Grewal breached his fiduciary duty of utmost good faith and fair dealing to the Debtors pursuant to 11 U.S.C. §544 and §§717 and 719 of the New York Business Corporation Law ("BCL") and Grewal committed misconduct in violation of §720 of the BCL. Moreover, the transfers constituted a misappropriation of corporate opportunity by Grewal to the detriment of the Debtor in violation of the BCL and common law and constituted a waste of the Debtor's assets. The actions taken by Grewal, as alleged above, exhibit a wanton, flagrant and reckless disregard for the rights of the Debtor and its creditors. The Trustee is therefore entitled to an award of punitive damages.

31. By reason of the foregoing, the Trustee, in the name of and for the use and benefit of the Debtor, is entitled to judgment declaring all of the above-referenced transfers void and requiring Grewal to pay to the Trustee a sum equal to the entire amount of the claims against the Debtor, in an amount to be determined at trial but believed to be no less than $50,000,000, along with damages suffered by the Debtor by reason of Grewal's actions and an award of punitive damages.

### THIRD CAUSE OF ACTION
### (Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B) - Constructive Fraud)

32. The Trustee repeats, reiterates and realleges each and every allegation as set forth in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. Upon information and belief, prior to the Filing Date the Debtor made transfers (the

"Fraudulent Transfers") to the Defendants of substantially all of its assets.

34. To date, the Defendants have not returned these assets to the Trustee.

35. The assets transferred to the Defendants were property of the bankruptcy estate.

36. There are actual creditors of the Debtor who hold unsecured claims allowable under the Bankruptcy Code.

37. Upon information and belief, the Debtor made the Fraudulent Transfers to the Defendants within one (1) year of the Petition Date.

38. Upon information and belief, the Debtor: (i) was insolvent on the date that said Fraudulent Transfers were made or (ii) was unable to pay its debts as they matured.

39. The Debtor received less than reasonably equivalent value in exchange for said Fraudulent Transfers.

40. By reason of the foregoing, the Fraudulent Transfers are avoidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

41. By reason of the foregoing, the Trustee is entitled to judgment pursuant to Section 550 of the Bankruptcy Code, declaring that the Fraudulent Transfers are void and requiring the Defendants to turn over to the Trustee the assets transferred as hereinabove set forth, along with any and all profits from such assets from the date they were transferred through to the present or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

**FOURTH CAUSE OF ACTION**
**(Fraudulent Conveyance - 11 U.S.C. § 548(a)(1)(A) - Actual Fraud)**

42. The Trustee repeats, reiterates and realleges each and every allegation set forth in

7

paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. Upon information and belief, prior to the Filing Date the Debtor made transfers (the "Fraudulent Transfers") to the Defendants of substantially all of its assets.

44. To date, the Defendants have not returned these assets to the Trustee.

45. The assets transferred to the Defendants by the Debtor were property of the bankruptcy estate.

46. There are actual creditors of the Debtor who hold unsecured claims allowable under the Bankruptcy Code.

47. Upon information and belief, the Debtor made the Fraudulent Transfers to the Defendants within one (1) year of the Petition Date.

48. Upon information and belief, the Transfers were made with the actual intent to hinder, delay or defraud the Debtors' creditors.

49. By reason of the foregoing, the Transfers are avoidable pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

50. By reason of the foregoing, the Trustee is entitled to judgment pursuant to Section 550 of the Bankruptcy Code, declaring that the Transfers are void and requiring the Defendants to turn over to the Trustee the assets transferred as hereinabove set forth along with any and all profits from such assets from the date they were transferred through to the present or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

**FIFTH CAUSE OF ACTION**
**(Fraudulent Transfers - 11 U.S.C. § 544(b)**
**and New York Debtor & Creditor Law § 270 *et seq.*)**

51. The Trustee repeats, reiterates and realleges each and every allegation set forth in

8

paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Upon information and belief, the above referenced Fraudulent Transfers of assets to the Defendants prior to the Petition Date were made: (i) without fair consideration; (ii) while the Debtor was insolvent or thereby rendered the Debtor insolvent; (iii) while the Debtor was engaged in a business for which property remaining in its hands after said Transfers was an unreasonably small capital; (iv) at a time when the Debtor knew or should have known that it would incur debts beyond its ability to pay as such debts matured; or (v) with actual intent to hinder, delay or defraud its present or future creditors.

53. Upon information and belief, the Fraudulent Transfers were fraudulent conveyances as that term is defined in the New York Debtor and Creditor Law.

54. To date, the Defendants have not returned the assets of the Debtor or any portion thereof to the Trustee.

55. The assets transferred to the Defendants by the Debtor were property of the bankruptcy estate.

56. There are actual creditors of the Debtor who hold unsecured claims allowable under the Bankruptcy Code.

By reason of the foregoing, the Trustee is entitled to judgment pursuant to Section 544 of the Bankruptcy Code and New York Debtor and Creditor Law Section 270 *et seq.*, declaring that the Fraudulent Transfers are void and requiring the Defendants to turn over to the Trustee the assets transferred as hereinabove set forth along with any and all profits from such assets from the date they were transferred through to the present or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

**SIXTH CAUSE OF ACTION**
**(Turnover of Property - 11 U.S.C. §§ 541, 542 and 550)**

9

57.    The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 57 with the same force and effect as if fully set forth herein.

58.    To date, the Defendants have not returned to the Trustee the assets transferred by the Debtor.

59.    The assets transferred to the Defendants by the Debtor were property of the bankruptcy estate.

60.    There are actual creditors of the Debtor who hold unsecured claims allowable under the Bankruptcy Code.

61.    The Trustee is entitled to a turnover of the assets pursuant to Sections 541, 542 and 550 of the Bankruptcy Code in that the assets transferred are property of the estate.

**WHEREFORE**, the Trustee demands judgment against the Defendants as follows:

(a)    on the First Cause of Action against Grewal in an amount to be determined at trial but believed to be no less than $50,000,000.

(b)    on the Second Cause of Action against the Defendants in an amount to be determined at trial but believed to be no less than $50,000,000, along with additional compensatory and punitive damages.

(c)    on the Third Cause of Action against the Defendants for the return of the assets along with the profits arising therefrom or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

(d)    on the Fourth Cause of Action against the Defendants for the return of the assets transferred along with the profits arising therefrom or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

(e)    on the Fifth Cause of Action against the Defendants for the return of the assets

transferred along with the profits arising therefrom or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

(f) on the Sixth Cause of Action against the Defendants for the return of the assets transferred along with the profits arising therefrom or, in the alternative, a judgment in an amount to be proven at trial but believed to be no less than $50,000,000.

(g) for interest, attorneys' fees, costs and such other relief as this Court deems just and proper.

Dated: Carle Place, New York
       January 2, 2008

                          JONES & SCHWARTZ, P.C.
                          Attorneys for the Trustee

               By:   /s/ Jeffrey H. Schwartz
                    Jeffrey H. Schwartz (JHS-8510)
                    A Member of the Firm
                    One Old Country Road, Suite 384
                    Carle Place, New York 11514
                    (516) 873-8700