UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re

SABA ENTERPRISES, INC.,

    Debtor.

-----------------------------------------------------------X

JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF SABA ENTERPRISES, INC.,

      Plaintiff,

   -against-

GRECOGAS LIMITED, GREKA ENERGY
INTERNATIONAL BV, RINCON ISLAND
LIMITED PARTNERSHIP, GREKA OIL & GAS,
INC., GREKA INVESTMENTS, INC. F/K/A
GREKA, CA., INC., SANTA MARIA REFINING
COMPANY, GREKA INTEGRATED, INC.,
GREWAL INVESTMENTS, INC., GREWAL
(ROYALTY) LLC, ALEXI HOLDINGS LIMITED,
ALEXI REALTY, INC., ALL ROUND
MANAGEMENT LIMITED, and RANDEEP S.
GREWAL,

      Defendants.

-----------------------------------------------------------X

Chapter 7

Case No. 05-B-60144 (AJG)

Adv. Pro. No. 09-1001

### DECLARATION OF RANDEEP S. GREWAL IN SUPPORT OF MOTION BY GREKA CHINA LIMITED F/K/A GRECOGAS LIMITED AND GREKA ENERGY INTERNATIONAL BV TO DISMISS COMPLAINT

    Randeep S. Grewal declares the following under penalty of perjury, pursuant to

28 U.S.C. § 1746:

    1. I am one of the defendants in the above-captioned lawsuit. At the time of the

filing of the bankruptcy petition for Saba Enterprises, Inc. (the "Debtor"), I was the Debtor's sole

officer and director. I am also an officer and director (or the equivalent under Cayman Islands or

Netherlands law) of Greka China Limited ("Greka China"), formerly known as (and sued in this lawsuit as) Grecogas Limited, a Cayman Islands corporation, and Greka Energy International B.V. ("Greka B.V."), a Netherlands corporation. I make this Declaration in support of the motion by Greka China and Greka B.V. (the "Greka International Companies") to dismiss the complaint. The purpose of this declaration is to put before this Court the salient facts on the subject of personal jurisdiction over the Greka International Companies in the United States. I am fully familiar with the facts as set forth herein.

Greka China f/k/a Grecogas Limited

2. The Debtor, then known as Greka Energy Corporation, acquired Greka China, then known as Saba Cayman Limited, on December 31, 2002 from Saba Petroleum Company, a subsidiary of the Debtor, which acquired it from its originator, Michael Francombe, on June 19, 1997. The Debtor transferred Greka China, then known as Grecogas Limited, to Alexi Holdings Limited (one of the defendants in this lawsuit) on January 1, 2004.[1] Annexed hereto as Exhibit A is a copy of the Register of Members of Grecogas Limited (f/k/a Saba Cayman Limited), as certified as a true copy by Maples and Calder, a law firm specializing in the law of the Cayman Islands, on February 14, 2006, which shows the change in ownership of Grecogas Limited (f/k/a Saba Cayman Limited) from its inception through the transfer to Alexi Holdings Limited. Annexed hereto as Exhibit B is a copy of the Debtor's Statement of Financial Affairs, which I signed on December 15, 2005, which also reflects in item 18 that Grecogas Limited was owned by the Debtor until January 1, 2004.

3. Since its acquisition in 2002 by the Debtor, Greka China f/k/a Grecogas Limited has never held any offices, property, or other assets (including bank accounts) in the

---

[1]   The transfer of Grecogas Limited to Alexi Holdings Limited may be one of the transfers about which the Trustee is complaining in this lawsuit. If so, Greka China f/k/a Grecogas Limited is not a transferee or even a party benefited by the transfer; it was the entity that was itself transferred.

2

United States.  Moreover, based on my involvement with Greka China since 2002, and my

participation in the negotiations to acquire it for the Debtor from Saba Petroleum (which the

Debtor also acquired), I believe it has never had any offices, property or other assets (including

bank accounts) in the United States.

       4.  Moreover, since its acquisition by the Debtor in 2002, Greka China f/k/a

Grecogas Limited has not transacted business, solicited business, or otherwise engaged in any

business transactions, either directly or through a duly-appointed agent, officer or director, in the

United States.  In particular, neither I nor any entity with which I am or have been affiliated has

ever transacted any business, solicited business, or otherwise engaged in any business

transactions in the United States on the behalf of Greka China f/k/a Grecogas Limited.  In

addition, based on my involvement with Greka China f/k/a Grecogas Limited since 2002, and my

participation in the negotiations with Saba Petroleum to acquire it for the Debtor in 2002 (the

Debtor also acquired Saba Petroleum), I believe it has never transacted business, solicited

business, or otherwise engaged in any business transactions, either directly or through a duly-

appointed agent, officer or director, in the United States.

Greka B.V.

       5.  The Debtor, then known as Greka Energy Corporation, acquired Greka B.V.,

then known as Corvalia Investments, B.V. from ABN AMRO Special Corporate Services, B.V.,

on March 22, 2001.  Annexed hereto as Exhibit C is a copy of the Debtor's Stock Purchase

Agreement with ABN AMRO Special Corporate Services, B.V. and ABN AMRO Bank N.V.,

dated January 18, 2001.  Annexed hereto as Exhibit D is a Unanimous Written Shareholders'

Resolution of Corvalia Investments B.V., dated August 21, 2001, that changed the name of

Corvalia Investments B.V. to Greka Energy (International) B.V.  On April 17, 2003, the Debtor,

3

then known as Greka Energy Corporation, transferred Greka B.V. to Greka China, then known as

Grecogas Limited.  At that time Grecogas was a wholly owned subsidiary of the Debtor.

Annexed hereto as Exhibit E is a copy of the memorandum, dated April 17, 2003, of the

Purchase and Transfer of Shares of Greka B.V. from Greka Energy Corporation to Grecogas

Limited.  From this transfer to the present, Greka B.V. has been a wholly owned subsidiary of

Greka China f/k/a Grecogas Limited.[2]

6.  Since its acquisition in 2001 by the Debtor, Greka B.V. has not held any

offices, property, or other assets (including bank accounts) in the United States.  Moreover,

based on my involvement with Greka B.V. since 2001, and my participation in the negotiations

with ABN AMRO to acquire it for the Debtor in 2001, I believe it has never had any offices,

property, or other assets (including bank accounts) in the United States.

7.  Moreover, since its acquisition in 2001 by the Debtor, Greka B.V. has not

transacted business, solicited business, or otherwise engaged in any business transactions, either

directly or through a duly-appointed agent, officer or director, in the United States.  In particular,

neither I nor any entity with which I am or have been affiliated has ever transacted any business,

solicited business, or otherwise engaged in any business transactions in the United States on the

behalf of Greka B.V.  In addition, based on my involvement with Greka B.V. since 2001, and my

participation in the negotiations with ABN AMRO to acquire it for the Debtor in 2001, I believe

it has never transacted business, solicited business, or otherwise engaged in any business

transactions, either directly or through a duly-appointed agent, officer or director, in the United

States.

---

[2]  In particular, at the time of the transfer of Grecogas Limited to Alexi Holdings Limited on January 1, 2004, Greka
B.V. was a wholly owned subsidiary of Grecogas Limited.  Therefore, Greka B.V., like Greka China f/k/a Grecogas
Limited, is neither a transferee nor a party benefited by such transfer.  Instead, it was a wholly owned subsidiary of
the entity that was transferred.

4

8.  Copies of all the documents annexed to this Declaration, except for the Debtor's Statement of Financial Affairs, were produced to counsel for the Trustee, along with other documents, by counsel for the Greka International Companies in November 2006, in response to document requests made under Federal Rule of Bankruptcy Procedure 2004.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 19, 2009.

_____
Randeep S. Grewal

SL1 899906v1/101202.00001

# EXHIBIT A

REGISTER OF MEMBERS
OF
GRECOGAS LIMITED
(FKA SABA CAYMAN LIMITED)

14 February, 2006

| NAME OF MEMBER | ADDRESS | DATE OF ENTRY AS MEMBER | CERT. NOS | SHARES ISSUED | CLASS OF SHARES | FROM WHOM SHARES WERE TRANSFERRED (IF ORIGINAL ISSUE ENTER AS SUCH) | AMOUNT PAID THEREON | DATE OF TRANSFER OF SHARES | TO WHOM SHARES ARE TRANSFERRED | CERT. NOS | SHARES | Number of Shares Held (Balance) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Michael Franscombe | PO Box 31106 SMB Grand Cayman Cayman Islands | 19 Jun 1997 | x | x | 1 Ordinary | original issue | in full | 19 Jun 1997 | Saba Petroleum Company | x | 1 | nil |
| Saba Petroleum Company | PO Box 6209 Santa Maria, CA 93456 USA | 19 Jun 1997 | 1 | 1000 Ordinary | 1 subscriber 999 original issue | in full | 31 Dec 2002 | Greka Energy Corporation | 1 | 1000 | nil |
| Greka Energy Corporation | 515 Madison Ave, Suite 1006, NY NY 1002, USA | 31 Dec 2002 | 2 | 1000 Ordinary | Saba Petroleum Company | in full | 1 Jan 2004 | Altai Holdings Limited | 2 | 1000 | nil |
| Altai Holdings Limited | P.O. Box 309GT, Ugland House, South Church Street George Town Grand Cayman Cayman Islands | 1 Jan 2004 | x | 1000 Ordinary | Greka Energy Corporation | in full | | | | | 1000 |

MAPLES and CALDER

Certified to be a true and correct copy.
This document consists of 1 page(s)

Name: Richard Thoppil
Date: 14 February, 2006

M&C Corporate Services Limited
Client Ref: 608486-000
Incorp: 74500

Page 1 of 1

# EXHIBIT B

# FORM 7. STATEMENT OF FINANCIAL AFFAIRS
## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re: Saba Enterprises, Inc.,                          Case No.: 05-60144 ajg
                    Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual 's personal affairs.

Question1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following : an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives or the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101 (30).

1.      Income from employment or operation of business

None      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from
☐      the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. ( A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year. ) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or Chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| YEAR | AMOUNT | SOURCE (If more than one) |
|------|--------|---------------------------|
| 2005 | $      355.00 | Interest |
| 2004 | $    2,636.00 | Interest |
| 2003 | $ 3,504,011.00 | Operations and Interest |

2.       Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition if filed, state income for each spouse separately. (Married debtors filing under Chapter 12 or Chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

3.       Payments to creditors

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | | |
|---|---|---|
| 9/28/2005 | Incline Energy, Inc.<br>P.O. Box 50550<br>Midland, Texas 79710-0550 | $  8,373.48 |
| 11/29/2005 | Valle & Associates<br>1250 Sixth Street - Suite 301<br>Santa Monica, California 90401 | $  4,358.34 |
| 11/29/2005 | World Wide Business Center<br>575 Madison, 10th Floor<br>New York, NY 10022 | $  3,300.00 |

b.  List all payments made within one year immediately preceding the commencement of this case, to or for the benefit of, creditors who are or were insiders. (Married debtors filing under Chapter 12 or Chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

4.      Suits and administrative proceedings, executions, garnishments and attachments.

a.      List all suits to which the debtor is or was a party within one year immediately preceding
the filing of this bankruptcy case.  (Married debtors filing under Chapter 12 or Chapter
13 must include information concerning either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is filed.)

| CAPTION OF SUIT | NATURE OF PROCEEDING STATUS OR DISPOSITION | COURT LOCATION AND CASE NUMBER |
|---|---|---|
| Unocal v. Saba Oil, Inc. Saba Petroleum Company Saba Energy of Texas, Inc. Americas Oil & Gas, Inc. | Nuisance; Judgment (remediation -no damages): Appeal filed | 01154365 Santa Barbara County California |
| Harton et al. and Capco et al.  v. Saba Oil, Inc. Americas Oil & Gas Saba Energy of Texas, Inc. | Breach of Contract Judgment Appeal filed | CV-2001-417-G CV-2001-249-G New Mexico |
| Aera/Shell Oil v. Saba Oil, Inc. Saba Petroleum, Inc. | Breach of Contract Judgment as to portion Appealed as to said portion Remaining actions pending | S1500 CV2520022RJA Kern County, California |
| Petrotech v. Windsor Energy US Corp. | Judgment | 219212 Ventura, California |
| People of State of California v. Saba Oil, Inc, et al. | Complaint for Civil Penalties Saba Oil named in original Complaint | 1169990 Santa Barbara County California |
| Cedyco v. Americas Oil & Gas | Pending | Louisiana/Texas |
| Redlands Ins. Co. v. Saba Petroleum Company | Pending Subrogation/Breach of Contract | 1195141 Santa Barbara County California |
| Higdon v. Windsor Energy US Corp. | Pending (recently served) Nuisance | 62680 Louisiana |

b.     Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

5.     Repossessions, foreclosures, and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu or foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

6.     Assignments and receiverships

a.     Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. . (Married debtors filing under Chapter 12 or Chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

b.     List all property, which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

7.    Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under Chapter 12 or Chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.).

NONE

8.    Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

9.    Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any person, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT; NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Samuel E. Kramer, Esq. 225 Broadway - Suite 3300 New York, New York 10007 | 11/23/2005 and 11/29/2005 Greka Energy Corp. (Debtor) | $2,500.00, $2,500.00, total $5,000.00 |
| Samuel E. Kramer, Esq. 225 Broadway - Suite 3300 New York, New York 10007 | 11/29/2005 Greka Energy Corp. (Debtor) | $4,000.00 in trust account for expenses |

10.    Other transfers

List all other property, other than property transferred in the ordinary course of the
business or financial affairs of the debtor, transferred either absolutely or as security
within one year immediately preceding the commencement of this case. (Married debtors
filing under Chapter 12 or Chapter 13 must include transfers by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

NONE

11.    Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the
benefit of the debtor which were closed, sold, or otherwise transferred within one year
immediately preceding the commencement of this case.  Include checking, savings, or
other financial accounts, certificates of deposit, or other instruments; shares and share
accounts held in banks, credit unions, pension funds, cooperatives, associations,
brokerage houses and other financial institutions.

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| JP Morgan Chase Bank Texas Market PO Box 260180 Baton Rouge, Louisiana 70826 | Commercial Checking held by Saba Petroleum Company Acct. No.: 000001690008063 | $17,191.95 |

12.    Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had
securities, cash, or other valuables within one year immediately preceding the
commencement of this case.  (Married debtors filing under Chapter 12 or Chapter 13
must include boxes or depositories by either or both spouses whether or not a joint
petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

13.  Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under Chapter 12 or Chapter 13 must include information by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

14.  Property held for another person

List all property owned by another person that the debtor holds or controls.

NONE

15.  Prior address of debtor

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 630 Fifth Avenue<br>New York, New York<br>Suite 1501 | Saba Oil, Inc.,<br>Greka Energy Corp., Kiwi III, Ltd.<br>Horizontal Ventures, Inc., Petro Union, Inc. | 2000-2004 |

16.  Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides with the debtor in the community property state.

NOT APPLICABLE

17. Environmental Information.

     For the purpose of this question, the following definitions apply:

     "Environmental Law" means any federal, state, or local statute or regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including , but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

     "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

     "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

    a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

        See Below, in Response to 17 c.

    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| State of Michigan Dept. of Environmental Quality 525 W. Allegan Street PO Box 30256 Lansing, Michigan 48909 v. Saba Energy of Texas, Inc. | (A) 12-5-05 | Pending remediation |

| | | |
|---|---|---|
| Railroad Commission of Texas<br>10 Desta Drive - Suite 500 E<br>Midland, Texas 79705<br>v. Americas Oil & Gas | 08-0244-029 | Pending remediation |
| State of New Mexico<br>Energy Minerals<br> & Natural Resources Dept.<br>1220 S. St. Francis Drive<br>Santa Fe, New Mexico 87505<br>v. Americas Oil & Gas and/or<br>Saba Energy of Texas, Inc. | 13363 | Pending remediation |
| State of California<br>Division of Oil, Gas<br> & Geothermal Resources<br>801 K Street MS 20-20<br>Sacramento, California 95814<br>v. Saba Petroleum, Inc. | 862,863 | Pending remediation |

18.    Nature, location and name of business

    a.    If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer,  director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities, within the two years immediately preceding the commencement of this case.

    If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the ommencement of this case.

    If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

| NAME | TAXPAYER | ADDRESS | NATURE BUSINESS BEGINNING AND I.D. NO. (EIN) ENDING DATES |
|------|----------|---------|----------------------------------------------------------|

Greka Integrated, Inc. (Until 1/1/2004)
Greka CA, Inc (Until 1/1/2004)
Gercogas Limited (until 1/1/2004)
Current Ownership Interests:

Windsor Energy US Corp.                                    100% ownership
Americas Oil & Gas, Inc.                                   100% ownership
Saba Petroleum Company                                     100% ownership

Saba Petroleum Company owns 100% of the following.
All of which are not presently operating:

Saba Petroleum, Inc.
Saba Exploration Company
Tank Tec, Inc.
D&S Industrial Services, Inc.
Saba Offshores, Inc.
Saba Energy of Texas, Inc..

Saba Energy of Texas, Inc. is the sole general partner of MV Ventures, GP

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in  11 U.S.C. § 101.

NONE

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

19. Books, records, and financial statements

    a.    List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES | SERVICES RENDERED |
|---|---|---|
| Debtor    575 Madison Avenue, Suite 1006, New York, NY 10022 | | |

    b.    List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES | SERVICES RENDERED |
|---|---|---|---|
| BBD Seidman LLP 700 North Pearl, Suite 2000 Dallas, Texas | | 2003 | |

    c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Debtor    575 Madison Avenue, Suite 1006, New York, NY 10022 | |

    d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Guggenheim Partners 135 East 57th Street New York, New York10022 | |

20.    Inventories

    a.    List the dates of the last two inventories taken or your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventor.

        NONE

b.    List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

NOT APPLICABLE

21.   Current Partners, Officers, Directors and Shareholders

a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST PERCENTAGE OF INTEREST |
|---|---|

b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporations.

NAME AND ADDRESS          NATURE OF INTEREST
                          PERCENTAGE OF INTEREST

Randeep S. Grewal, CEO, CFO, Secretary and Director
(Except as to MV Ventures, GP)
575 Madison Ave., Suite 1006, New York, NY 10022

All Round Management Limited (owner of Debtor)
P.O. Box 957
Road Town, Tortola, BVI

22..  Former partners, officers, directors and shareholders

a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NAME              ADDRESS          DATE OF WITHDRAWAL

b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Susan M . Whalen (Except as to MV Ventures, GP) | VP and Secretary 11/14/05 | |

23.  Withdrawals from a partnership or distribution by a corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT; RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| NONE | | |

24.  Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION
TAXPAYER IDENTIFICATION NUMBER (EIN)

Debtor -EIN 84-109 1986

25.  Pension Funds

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER IDENTIFICATION
NUMBER (EIN)

Debtor, EIN 84-109 1986 401-K

[ If completed by an individual or individual and spouse.]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date_____

Signature of Debtor_____

Date_____

Signature of Joint Debtor (if any)_____

[If completed by on behalf of a partnership or corporation]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date: December 15, 2005

Signature: S/ Randeep S. Grewal

Print Name and Title: Randeep S. Grewal, President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____0___ continuation sheets attached.

Penalty for making false statement:  Fine of up to $500,000, imprisonment for up to 5 years, or both. 18 U.S.C.  152 and 3571

---

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

I certify that I am a bankruptcy petition as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

| | |
|---|---|
| Printed or Typed Name of Bankruptcy Petition Preparer | Social Security No. |
| | (Required by 11 U.S.C. § 110 ©.) |

Address

Name and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          _____
                                                                              Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.

# EXHIBIT C

## STOCK PURCHASE AGREEMENT

AGREEMENT by and between:

ABN AMRO Special Corporate Services B.V., a company incorporated under the laws of The Netherlands, having its office at (1102 BS) Amsterdam Zuidoost, Foppingadreef 22, The Netherlands, registered with the Commercial Register of the Chamber of Commerce and Industries under file number 33190168, hereinafter referred to as "Seller".

and

Greka Energy Corporation, a company incorporated under the laws of The State of Colorado, United States of America, having its office at 630 Fifth Avenue, Suite 1501, New York, New York 10111, United States of America, hereinafter referred to as "Buyer",

and

ABN AMRO Bank N.V., a limited liability company, established at Amsterdam, The Netherlands, having its office at (1082 PP) Amsterdam, Gustav Mahlerlaan 10, The Netherlands, registered with the Commercial Register of the Chamber of Commerce and Industries under file number 33002587, hereinafter referred to as "ABN AMRO".

WHEREAS Seller is the registered holder and beneficial owner of all shares in the issued stock capital ("the Shares") of the corporation organized under the laws of The Netherlands: Corvalia Investments B.V., established at Amsterdam, The Netherlands, having its office at (1102 BS) Amsterdam Zuidoost, Foppingadreef 22, The Netherlands, registered with the commercial register of the Chamber of Commerce and Industries under file number 33289129, to be referred hereinafter as "the Company";

WHEREAS Seller has agreed to sell and transfer by separate notarial deed the whole issued stock capital of the Company to Buyer;

WHEREAS Buyer has agreed to pay Seller in consideration for the said sale the sum of NLG 51,000.=, being the net asset value of the Company of NLG 40,000.= increased with NLG 11,000.=

NOW, THEREFORE, IN CONSIDERATION OF THE PROMISES AND MUTUAL COVENANTS, HEREIN LAID DOWN, THE PARTIES HERETO AGREE AS FOLLOWS:

Article 1. Sale of Shares

1. Seller hereby sells to Buyer, who hereby purchases from Seller 40 shares of NLG 1,000.=, nominal value each, numbered from 1 to 40 inclusive, being the entire issued stock capital of the Company, free from any charge lien or encumbrance and together with all benefits and rights attaching thereto.

2. In consideration of the said sale Buyer hereby undertakes to pay Seller, on its account with Hollandsche Bank-Unie N.V., Rotterdam, No. 62.32.51.930 the amount of NLG 51,000.=, payable immediately upon the sale of the Shares.

Article 2. Transfer of Shares

1. Seller and Buyer declare to fully provide every cooperation to transfer the Shares in conformity with Section 2:196 of the Dutch Civil Code.

2. The notarial deed of transfer will be executed as soon as possible upon the execution of this Agreement before one of the civil law notaries of Stibbe, notarissen at Amsterdam.

3. The costs of the transfer of the Shares will be for the account of Seller.

2

Article 3. Guarantees

1.  ABN AMRO hereby represents and guarantees to Buyer that (a), as
    on the date on which this Agreement has been signed, the
    attached balance sheet makes full disclosure of all assets and
    liabilities of the Company, the Company has no liabilities
    whatsoever actual or contingent, except the tax liabilities for
    corporation tax 2000 and 2001 as disclosed in the attached
    balance sheet and that (b) the amount of its current account
    with Hollandsche Bank-Unie N.V., Rotterdam, as disclosed in the
    attached balance sheet, is a credit balance of NLG 51.060.=,
    being the total of the nominal value of the fully paid-up share
    capital and the amounts for corporation tax less the claimable
    amount for pre-paid corporation tax 2000 and that (c) save as
    disclosed in the attached balance sheet ABN AMRO is not aware of
    any matter which may give rise to any liability of the Company.

2.  If Buyer and/or the Company do not immediately (within 21
    calendar days) inform ABN AMRO (Attn. Department Special
    Corporate Services, P.O. Box 283, 1000 EA Amsterdam) of any
    obligations or potential obligations as soon as they become
    apparent to Buyer and/or the Company and allow ABN AMRO by means
    of a power of attorney, to deal with any such obligations or
    potential obligations with the aim to minimize ABN AMRO's loss,
    then the guarantees and indemnities, mentioned in this agreement
    and given by Seller and ABN AMRO, shall lapse forthwith. Buyer
    shall not incur expenses in the above-mentioned cases without
    the explicit consent of ABN AMRO.

3.  ABN AMRO shall be entitled to have access to all relevant books
    and records of the Company in the event that any liability
    arises for which Seller and ABN AMRO is responsible under this
    Agreement.

4.  ABN AMRO hereby represents and guarantees to Buyer that the
    Company's present Directors shall step down immediately after

3

the execution of the notarial deed of transfer of the Shares
without any claim for compensation.

5. ABN AMRO hereby guarantees that no decision to amend the
   articles of association of the Company has been taken after the
   notarial deed of March 23, 1998.

6. ABN AMRO hereby guarantees that the Company is not a party to
   any merger procedure.

7. ABN AMRO hereby guarantees that no decision to liquidate the
   Company has been taken and that no prosecutor has requested the
   Company to be dissolved.

8. ABN AMRO hereby guarantees that the Company has not issued any
   rights to third parties to acquire shares in its capital.

9. ABN AMRO hereby guarantees that Seller's title to the Shares can
   be legally proven.

## Article 4. Special clauses

1. Buyer hereby guarantees that he will not make any decision
   implying or leading to dissolution and winding-up of the Company
   prior to December 30, 2003.

2. In case Buyer should wish to sell the Shares, he hereby
   guarantees to make the condition referred to under 4.1 binding
   on the subsequent buyer(s).

3. In case Seller will not have produced evidence of his valid
   acquirement of the Shares by means of the documents required for
   this purpose – which will be judged by the notary, who has drawn
   up the notarial deed of transfer of the shares – within a
   reasonable period, Buyer is entitled to dissolve this Agreement.

4

4. Seller binds himself to co-operate if any further deeds, declarations, or other documents required for the effectuation of the validity of his right of ownership to the Shares will have to be drawn up. Expenses will be for the account of Seller.

Article 5. Applicable Law

This present Agreement shall be subject to the laws of The Netherlands.

IN WITNESS WHEREOF the parties hereto have caused these presents to be executed in fourfold at Amsterdam, January 18, 2001.

Seller,                                         Buyer,
ABN AMRO Special Corporate                      Greka Energy Corporation
Services B.V.

(R. van Doorn) (R.H.I de Jong)


ABN AMRO Bank N.V.



(R. van Doorn) (R.H.I de Jong)

5

Corvalis Investments B.V.

Balance Sheet as per January 18, 2001

Assets

| | | |
|---|---|---|
| HBU Current Account | NLG | 51,060.00 |
| Pre-paid Corporation tax 2000 | NLG | 43,000.00 |
| | NLG | 94,060.00 |

Shareholders' equity and Liabilities

| | | |
|---|---|---|
| Share capital | NLG | 40,000.00 |
| Corporation tax 2000 | NLG | 51,372.00 |
| Corporation tax 2001 | NLG | 2,670.00 |
| Interest on Corporation tax 2000 | NLG | 18.00 |
| | NLG | 94,060.00 |

# EXHIBIT D

<u>**CORVALIA INVESTMENTS B.V.**</u>
<u>**UNANIMOUS WRITTEN SHAREHOLDERS' RESOLUTION**</u>
(*amendment to the articles of association*)

**THE UNDERSIGNED,** in its capacity as sole shareholder of **Corvalia Investments B.V.,** a private company with limited liability (*besloten vennootschap met beperkte aansprakelijkheid*) under the laws of The Netherlands, having its official seat in Amsterdam, The Netherlands, and its principal place of business at 1077 ZX Amsterdam, Strawinskylaan 3105, The Netherlands (the "**Company**"), hereby consents to and adopts the following preambles and resolutions:

**WHEREAS** the undersigned is the holder of all issued and outstanding shares in the capital of the Company, being 40 shares of NLG 1,000 nominal value each;

**WHEREAS** Article 14 of the Articles of Association of the Company provides for the possibility that shareholders resolutions are adopted in writing without recourse to a general meeting of shareholders, provided that such resolutions are adopted by a unanimous vote representing the votes of all shareholders entitled to vote;

**WHEREAS** according to information provided by the Management Board of the Company no depository receipts for shares in the Company have been issued with the Company's concurrence and there are no persons to whom the law attributes the rights accruing to holders of depository receipts issued with a company's concurrence;

**WHEREAS** the sole Management Board member of the Company has been given the opportunity to advise on the resolutions stated hereafter;

**NOW IT IS HEREBY RESOLVED** in accordance with Article 14 of the Articles of Association of the Company:

**Amendment to the Company's Articles of Association**
- to partially amend the Company's Articles in conformity with the draft, drawn up by Loyens & Loeff, pursuant to which, *inter alia*, the name of the Company will be changed into Greka Energy (International) B.V.;

to authorize each management board member of the Company and also each civil law notary (*notaris*) and deputy civil law notary (*kandidaat-notaris*) of Loyens & Loeff, jointly as well as severally, to apply for the ministerial statement of no objections on the draft deed of amendment to the Articles of Association, to amend said draft in such a way as might appear necessary in order to obtain the statement of no objections and to sign and execute the deed of amendment to the Articles of Association.

A copy of this shareholders' resolution will be sent to the Management Board of the Company in order to enable the Management Board to register the subject resolution.

Signed for and on behalf of
Greka Energy Corporation:

By:   Randeep S. Grewal
Title:  Chairman, CEO & President
Place: Santa Maria, CA
Date:  21 August, 2001

2

# EXHIBIT E



**PURCHASE AND TRANSFER OF SHARES**                      NW/6000103/20148.kle

**GREKA ENERGY (INTERNATIONAL) B.V.**                      30-12-02

Today, the seventeenth of April ----------------------------------------------------------------

two thousand and three, appeared before me, ---------------------------------------------

Paul Hubertus Nicolaas Quist, civil-law notary in Amsterdam: ---------------------------

Natalie Wielenga, care of Stibbe, 1077 ZZ Amsterdam, Strawinskylaan 2001, born in

Amsterdam on the tenth day of June nineteen hundred and sixty-seven, -------------------

in the present matter acting as holder of a written power of attorney of: --------------------

1.  the company incorporated and existing under the laws of the State of Colorado,
    United States of America, **Greka Energy Corporation**, having its address at 630
    Fifth Avenue, Suite 1501, New York, New York 10111, United States of America, ---
    ('Greka Energy'); ----------------------------------------------------------------------------

2.  the company organized and existing under the laws of the Cayman Islands ----------
    **Grecogas Limited**, having its address at Leeward One Building, Safe Haven Corpo-
    rate Centre, West Bay Road, P.O. Box 31106, Seven Mile Beach, Grand Cayman,
    Cayman Islands, British West Indies, -------------------------------------------------------
    ('Grecogas'); ----------------------------------------------------------------------------------

3.  the company with limited liability (*besloten vennootschap met beperkte aanspra-
    kelijkheid*) **Greka Energy (International) B.V.**, having its seat in Amsterdam, its
    address at 1077 ZX Amsterdam, Strawinskylaan 3105, filed at the Trade Register
    under number 33289129, with number B.V. 425810, -----------------------------------
    ('Greka Energy (International)'). --------------------------------------------------------------

**Powers of attorney** ---------------------------------------------------------------------------------

The powers of attorney are evidenced by three private deeds, which will be attached to

this deed. --------------------------------------------------------------------------------------------

The appearing person declared: --------------------------------------------------------------------

**The shares** ------------------------------------------------------------------------------------------

Greka Energy is holder of all forty (40) ordinary paid up shares in the capital of Greka

Energy (International), each with a par value of four hundred fifty-four euro (EUR 454.-),

numbered 1 to 40 inclusive, (the 'Shares'). ------------------------------------------------------

**Preceding acquisition** ------------------------------------------------------------------------------



- 2 -

Greka Energy acquired forty (40) shares, each share with a par value of one thousand Dutch guilders (NLG 1,000.-), numbered 1 to 40 inclusive by transfer as a result of purchase executed by deed on the twenty-second day of March two thousand and one before a legal substitute of Paul Hubertus Nicolaas Quist, civil-law notary in Amsterdam. This transfer is acknowledged by Greka Energy (International) in the deed mentioned above. ------------------------

At the time of the aforementioned transfer, Greka Energy (International) was called Corvelia Investments B.V.. ------------------------

By deed of amendment to the articles of association of Greka Energy (International), executed before R. van Bork, civil law notary in Amsterdam on the fourth day of September two thousand and one, the name of Greka Energy (International) was changed from Corvelia Investments B.V. into Greka Energy (International) B.V. and upon this amendment the forty (40) shares that were issued prior to the aforementioned amendment, according to the articles of association that were in force prior to the amendment each with a par value of one thousand Dutch guilders (NLG 1,000.-), were converted into an equal number of shares each with a par value of four hundred fifty-four euro (EUR 454.-). ------------------------

**Purchase and transfer** ------------------------

Greka Energy hereby sells and transfers the Shares to Grecogas, who hereby buys and accepts the Shares. ------------------------

**Purchase price** ------------------------

The purchase price amounts to one hundred euro (EUR 100.-). ------------------------

Greka Energy has received the purchase price, for which Grecogas is granted acquittance. ------------------------

The purchase and transfer are subject to the following conditions: ------------------------

**Guarantees** ------------------------

**Article 1.** ------------------------

Greka Energy grants the following guarantees in respect to the Shares to Grecogas: ------

a. Greka Energy did not grant rights to purchase or otherwise acquire shares in the capital of Greka Energy (International) but to Grecogas; ------------------------

b. the Shares have not been encumbered with an attachment, usufruct and pledge nor have depositary receipts for the Shares been issued with Greka Energy (International)'s concurrence; ------------------------

c. no resolutions to make any distributions out of the equity (*vermogen*) of Greka



- 3 -

Energy (International) have been adopted, which have not been carried out. ----------

**Account** -------------------------------------------------------------------

**Article 2.** -------------------------------------------------------------------

The Shares and all rights attached thereto including any distributions made by Greka Energy (International) on the Shares will from now on be for the benefit of Grecogas. ----

**Dissolution, conditions subsequent and precedent** ---------------------------------

**Article 3.** -------------------------------------------------------------------

Greka Energy (International) and Grecogas waive the right to request the dissolution of the present purchase agreement. -----------------------------------------------------

Greka Energy (International) and Grecogas have not agreed on any conditions subsequent (*ontbindende voorwaarden*) or precedent (*opschortende voorwaarden*). -----

**Provisions restricting free transferability** -----------------------------------

Pursuant to the provision of article 14 of the articles of association of Greka Energy (International), Greka Energy hereby resolves outside a formal meeting as sole shareholder to grant the approval required by the articles of association for the present transfer, in respect of which resolution the member of the Management Board has been given the opportunity to cast its advisory vote. -----------------------------------

**Acknowledgement** ---------------------------------------------------------------

Greka Energy (International) declared that it acknowledges the transfer of the Shares and that it will make the appropriate entry in the shareholders' register. --------------

This deed was executed today in Amsterdam. ---------------------------------------

The substance of this deed was stated and explained to the appearing person. ----------

The appearing person declared not to require a full reading of the deed, to have taken note of the contents of this deed and to consent to it. ----------------------------------

Subsequently, this deed was read out in a limited form, and immediately thereafter signed by the appearing person and myself, civil-law notary, at eleven hours thirty-eight minutes ante meridiem. -------------------------------------------------------------

(Signed): N. Wielenga, Paul Quist. ------------------------------------------------



FOR CERTIFIED COPY