Hearing Date: April 22, 2009 at 9:30 a.m. (New York Time)
Objection Deadline: April 1, 2009 at 5:00 p.m. (New York Time)

WEIL, GOTSHAL & MANGES LLP
Attorneys for Randeep S. Grewal, Grewal (Royalty)
LLC, Alexi Holdings Limited, All Round Management
Limited, and Grewal Investments, LLC
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Brian S. Rosen, Esq. (BR 0571)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re                                                      Chapter 7

**SABA ENTERPRISES, INC.,**                                **Case No. 05-B-60144 (AJG)**

                    Debtor.

------------------------------------------------------------X
**JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE**
**OF SABA ENTERPRISES, INC.,**

                    Plaintiff,

                    -against-                              **Adv. Pro. No. 09-01001 (AJG)**

**GRECOGAS LIMITED, GREKA ENERGY**
**INTERNATIONAL BV, RINCON ISLAND**
**LIMITED PARTNERSHIP, GREKA OIL**
**& GAS, INC., GREKA INVESTMENTS,**
**INC. F/K/A GREKA, CA., INC., SANTA**
**MARIA REFINING COMPANY, GREKA**
**INTEGRATED, INC., GREWAL INVESTMENTS,**
**INC., GREWAL (ROYALTY) LLC, ALEXI**
**HOLDINGS LIMITED, ALEXI REALTY, INC.,**
**ALL ROUND MANAGEMENT LIMITED, and**
**RANDEEP S. GREWAL,**

                    Defendants.

------------------------------------------------------------X

**NOTICE OF MOTION OF RANDEEP S. GREWAL, GREWAL (ROYALTY) LLC,**
**ALEXI HOLDINGS LIMITED, ALL ROUND MANAGEMENT LIMITED, AND**
**GREWAL INVESTMENTS, LLC FOR AN ORDER DISMISSING COMPLAINT**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the motion, dated March 2, 2009 (the "Motion"), of Randeep S. Grewal, Grewal (Royalty) LLC, Alexi Holdings Limited, All Round Management Limited, and Grewal Investments, LLC, for an order dismissing the Complaint in the above-captioned adversary proceeding shall be held before the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, in Room 523 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **April 22, 2009 at 9:30 a.m. (New York Time)**.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the relief requested in the Motion, must be in writing, set forth the legal and factual support therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and shall be served in accordance with General Order M-242 (as may be amended from time to time) and upon Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attention: Brian S. Rosen, Esq., attorneys for Randeep S. Grewal, Grewal (Royalty) LLC, Alexi Holdings Limited, All Round Management Limited, and Grewal Investments, LLC, so as to be actually received by no later than **5:00 p.m. on April 1, 2009.**

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Motion is served and received in accordance with this Notice, the Motion may be granted without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
March 2, 2009

/s/ Brian S. Rosen
Brian S. Rosen, Esq. (BR 0571)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*ATTORNEYS FOR RANDEEP S. GREWAL, GREWAL (ROYALTY) LLC, ALEXI HOLDINGS LIMITED, ALL ROUND MANAGEMENT LIMITED, AND GREWAL INVESTMENTS, LLC*

WEIL, GOTSHAL & MANGES LLP
Attorneys for Randeep S. Grewal, Grewal (Royalty)
LLC, Alexi Holdings Limited, All Round Management
Limited, and Grewal Investments, LLC
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Brian S. Rosen, Esq. (BR 0571)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| **In re** | **Chapter 7** |
| **SABA ENTERPRISES, INC.,** | **Case No. 05-B-60144 (AJG)** |
| Debtor. | |

-------------------------------------------------------------X

**JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE**
**OF SABA ENTERPRISES, INC.,**

Plaintiff,

| | |
|---|---|
| -against- | **Adv. Pro. No. 09-01001 (AJG)** |

**GRECOGAS LIMITED, GREKA ENERGY**
**INTERNATIONAL BV, RINCON ISLAND**
**LIMITED PARTNERSHIP, GREKA OIL**
**& GAS, INC., GREKA INVESTMENTS,**
**INC. F/K/A GREKA, CA., INC., SANTA**
**MARIA REFINING COMPANY, GREKA**
**INTEGRATED, INC., GREWAL INVESTMENTS,**
**INC., GREWAL (ROYALTY) LLC, ALEXI**
**HOLDINGS LIMITED, ALEXI REALTY, INC.,**
**ALL ROUND MANAGEMENT LIMITED, and**
**RANDEEP S. GREWAL,**

Defendants.

-------------------------------------------------------------X

**MOTION OF RANDEEP S. GREWAL, GREWAL (ROYALTY) LLC,**
**ALEXI HOLDINGS LIMITED, ALL ROUND MANAGEMENT LIMITED, AND**
**GREWAL INVESTMENTS, LLC FOR AN ORDER DISMISSING COMPLAINT**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Defendants Randeep S. Grewal ("Grewal"), Grewal (Royalty) LLC, Alexi

Holdings Limited, All Round Management Limited, and Grewal Investments, LLC[1]

(collectively, the "Defendants") hereby file this motion for an order, pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 7012(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the complaint (the

"Complaint") filed on January 2, 2009 on behalf of Saba Enterprises, Inc. ("Saba" or the

"Debtor") by the Chapter 7 Trustee (the "Trustee" or "Plaintiff"), and respectfully represent as

follows:

## PRELIMINARY STATEMENT

1.      After twice extending the statute of limitations applicable to this action by

agreement of the parties, and more than three years after the Debtor filed its chapter 7 petition,

the Trustee filed the instant adversary proceeding.  The crux of the Complaint is that "all" of the

Debtor's assets were fraudulently transferred to the Defendants (as well as to eight (8) other

corporate entities named as defendants in this action (collectively with the Defendants except for

Grewal, the "Corporate Defendants")), in the one-year period prior to November 30, 2005 (the

"Petition Date"), and that Grewal, the Debtor's sole shareholder and director, breached his

fiduciary duties to the Debtor and its creditors by allegedly directing those transfers "for his own

benefit."  Notwithstanding Plaintiff's later than eleventh hour filing, which is itself telling, the

Complaint utterly lacks the most basic factual allegations necessary to state claims against these

Defendants.  Accordingly, the claims asserted against the Defendants in the Complaint are

deficiently pled and should be dismissed pursuant to Federal Rule 12(b)(6) for "failure to state a

---

[1] The Complaint incorrectly refers to Grewal Investments, LLC as Grewal Investments, Inc.

claim upon which relief can be granted."

2.      First, the Trustee's fraudulent conveyance claims against all Defendants

(Counts IV and V), grounded upon alleged actual fraud and not constructive fraud, fall woefully

short of pleading fraud with the requisite particularity mandated by Federal Rule 9(b).  In

addition to not pleading any facts to support an allegation of scienter other than in conclusory

terms, the Trustee fails to identify (1) any dates on which assets were transferred out of the

estate; (2) the means or methods by which any assets were transferred to the Defendants; (3) the

specific assets which were transferred, other than making a vague assertion that "all" of the

Debtor's assets were fraudulently conveyed; (4) which specific assets were actually received by

any of the Defendants; and (5) what consideration (if any) was received by the Debtor in return

for the transferred assets.  Such bare bones factual allegations cannot form the basis of a

fraudulent conveyance claim.

3.      Second, the stringent pleading requirements of Federal Rule 9(b) apply

equally to the Trustee's breach of fiduciary duty claim against Grewal (Count II), as it is

premised on the allegedly fraudulent conveyances and therefore "sounds in fraud."  The

Complaint, however, contains no particularized facts regarding Grewal's alleged breach of

fiduciary duty, such as how and when Grewal allegedly committed fraud against the Debtor or

why Grewal allegedly did so, other than stating, in conclusory, *ipse dixit* fashion, that Grewal

participated in the conveyances at issue for his own benefit.  As the Court is well aware, this is

well below the standard set by Federal Rule 9(b) and, accordingly, this claim also must be

dismissed.

4.      Third, the Trustee fails to plead with particularity any of the factors that

would support a claim to pierce the corporate veil and hold Grewal responsible for claims

asserted against the Debtor (Count I).  Indeed, the State of Colorado – where the Debtor is

incorporated – requires that a party seeking to pierce the corporate veil must address the broader

issues of justice and equity, in addition to pleading particular facts regarding the relationship

between the corporation and its "alter ego" shareholder.  The Trustee, who does not even

acknowledge that Colorado law applies and completely disregards the elements laid out by the

Colorado courts, again offers only conclusory allegations.  Moreover, the Trustee never

sufficiently alleges that a fraud has been committed.  Thus, this claim also must be dismissed.

5.     Fourth, the Trustee's claim for constructively fraudulent conveyance

against all Defendants (Counts III and V) fails to satisfy even the more lenient "notice" pleading

standard of Federal Rule 8(a).  The Complaint fails to identify a single transfer of a specific asset

to any specific Defendant, other than making the vague allegation that "all of the assets" of the

Debtor were transferred to Defendants.  This hardly puts Defendants on "fair notice," and, thus,

this claim also must be dismissed.

6.     Furthermore, the Trustee's turnover claim (Count VI) should be dismissed

because there are no allegations that Defendants currently are in possession of the property

purportedly transferred and, therefore, there is no predicate to seek turnover of any property of

the estate.

7.     Realistically, it is readily apparent that the Complaint constitutes a last-

ditch effort by the Trustee to generate assets for the Debtor's estate and satisfy certain fees and

expenses.  Unfortunately, satisfaction of a much higher standard is required to meet such goals, a

standard that cannot be satisfied.  Accordingly, applicable law dictates that the Complaint must

be dismissed.

## JURISDICTION

8.       This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  This is

a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C.

§ 1409(a).

## BACKGROUND

**A.      The Parties**

9.       Defendant Grewal was the sole shareholder and director of the Debtor.

Compl. ¶ 11.  The Corporate Defendants are all entities owned, directly or indirectly, by Grewal.

Compl. ¶ 10.  The Debtor is a Colorado corporation.[2]

**B.      The Tolling Agreements**

10.      On or about November 27, 2007 – two days before the statute of

limitations on bringing claims against the Defendants was to expire – Grewal and the Corporate

Defendants entered into a tolling agreement (the "Tolling Agreement") with the Trustee by

which the time period in which the Trustee could commence an action or proceeding against

them was extended from November 30, 2007 to November 30, 2008.[3]  On November 21, 2008,

Grewal and the Corporate Defendants entered into a second tolling agreement with the Trustee

by which the Tolling Agreement was extended by an additional three months to February 27,

2009.[4]

**C.      The Alleged Wrongdoing**

11.      On January 2, 2009, the Trustee filed this Complaint on behalf of the

---

[2] See In re Saba Enterprises, Inc., 05-60144 (AJG), Docket Entry No. 1.

[3] See id., Docket Entry No. 149.

[4] See id., Docket Entry No. 163.

Debtor against Grewal and the Corporate Defendants.  While the Complaint pleads six different

causes of action, it is based on the central allegation that the Debtor, at Grewal's direction,

fraudulently transferred "all" of its assets to the Defendants within one year prior to the Petition

Date.  Compl. ¶¶ 13, 17.  The Complaint identifies the transferred assets in a non-descriptive

fashion as "includ[ing] *inter alia*, oil and gas leases, real property, an asphalt refinery and gas

and mineral interests both in the United States and China." Id. ¶ 12.

## STANDARD

12.    When deciding a motion to dismiss asserted pursuant to Federal Rule

12(b)(6), made applicable herein by Bankruptcy Rule 7012(b), a court is bound to accept as true

all well-pled allegations of fact but is not required to accepted the pleader's conclusions or legal

theories.  See Leather v. Eyck, 180 F.3d 420, 423 (2d Cir. 1999); Cooper v. Parsky, 140 F.3d

433, 440 (2d Cir. 1998).  "Rather, to withstand a motion to dismiss, there must be specific and

detailed factual allegations to support the claim." Enron Corp. v. Granite Constr. Co. (In re

Enron Corp.), 2006 WL 2400369, at *3 (Bankr. S.D.N.Y. May 11, 2006) (citing Friedl v. City of

N.Y., 210 F.3d 79, 85-86 (2d Cir. 2000).  Thus, a complaint may be dismissed as a matter of law

for two reasons:  (1) the lack of cognizable legal theory or (2) insufficient facts pled in support of

a cognizable legal theory.  York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 125 (2d

Cir. 2002) (motion to dismiss must be granted where plaintiff's facts, even if assumed true, do

not "confer a judicially cognizable right of action").  Here, the Complaint can be dismissed

because insufficient facts have been pled in an attempt to support the Trustee's legal theory.

## I.    THE TRUSTEE'S FRAUD CLAIMS MUST BE DISMISSED FOR FAILURE TO PLEAD WITH PARTICULARITY

### A.    The Trustee's Claim For Actual Fraudulent Conveyance Must Be Dismissed

13.    The centerpiece of the Trustee's complaint is the allegedly fraudulent

transfers of "all" of the Debtor's assets to Grewal and the Corporate Defendants during the one-

year period prior to the Petition Date.  Section § 548(a)(1)(A) of the Bankruptcy Code:

> permits the trustee to avoid a transfer if he can establish: (1) that the
> debtor had an interest in property; (2) that a transfer of that interest
> occurred within one year of the filing of the bankruptcy petition; and (3)
> that the transfer was incurred with actual intent to hinder, delay, or defraud
> present or future creditors.

Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs. Ltd.), 337 B.R. 791, 808 (Bankr.

S.D.N.Y. 2005).  Federal Rule 9(b) is applicable to claims under section 548(a)(1)(A) of the

Bankruptcy Code.  Id. at 801.  Thus, "[t]he party asserting an intentional fraudulent transfer

claim must 'specify the property that was allegedly conveyed, the timing and frequency of those

allegedly fraudulent conveyances, [and] the consideration paid.'"  Official Comm. of Unsecured

Creditors of M. Fabrikant & Sons, Inc. v. JP Morgan Chase Bank (In re M. Fabrikant & Sons,

Inc.), 394 B.R. 721, 733 (Bankr. S.D.N.Y. 2008) (quoting United Feature Syndicate, Inc. v.

Miller Features Syndicate, Inc., 216 F. Supp. 2d 198, 221 (S.D.N.Y. 2002)).

       14.     Here, the Complaint fails to specify which property was allegedly

conveyed, only stating generally that "all of the assets" of the Debtor were fraudulently

conveyed.  Nor does it provide any information regarding the "timing and frequency" of the

conveyances or "the consideration paid."  The failure to allege these facts is grounds for

dismissal.  For example, in the Fabrikant case recently decided by this Court, the trustee alleged

that "net" transfers in the aggregated amount of $175.3 million had been fraudulently conveyed

by the debtor, without providing any specific detail regarding the dates, amounts, or identity of

the transferor and transferee.  See M. Fabrikant & Sons, 394 B.R. at 734.  The Court found such

pleading insufficient and dismissed the claim for failure to identify "any specific transfer,

transferor, transferee, or date of transfer," holding that "[t]he party asserting an intentional

fraudulent transfer claim must 'specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid.'" Id. at 734, 733 (internal citation omitted); see Fed. Nat'l Mortgage Ass'n v. Olympia Mortgage Corp., 2006 WL 2802092, at *9 (E.D.N.Y. Sept. 28, 2006) (dismissing claim for intentional fraudulent conveyance brought under New York law for failure to plead in accordance with Federal Rule 9(b) where the complaint "does not identify how many transfers plaintiff is challenging or the specific dates and amounts of those transfers"); Gindi v. Silvershein, 1995 WL 347397, at *6 (S.D.N.Y. June 8, 1995) (dismissing fraudulent conveyance claim for failure to plead pursuant to Federal Rule 9(b) where complaints "do not specify the transactions claimed to be fraudulent, nor when they occurred").

   15. Moreover, the Complaint fails to plead with particularity the necessary element of scienter, namely, the intent of the transferor to hinder, delay, or defraud creditors. See In re Actrade Fin. Techs. Ltd., 337 B.R. 791, 808 (Bankr. S.D.N.Y. 2005) ("Cases under § 548(a)(1)(A) indicate that it is the intent of the transferor and not the transferee that is relevant for purposes of pleading a claim for intentional fraudulent conveyance under the Bankruptcy Code."). "'[C]onclusory allegations that [the] defendant's conduct was fraudulent or deceptive are not enough.'" Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000) (internal citation omitted). Rather, the complaint must "'allege facts that give rise to a strong inference of fraudulent intent.'" Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.), 379 B.R. 5, 17 (Bankr. E.D.N.Y. 2007) (internal citations omitted). "In the bankruptcy context, courts have found that '[a] plaintiff can sufficiently allege intent (a) by alleging that a defendant had both motive and opportunity to commit fraud or (b) by alleging facts that constitute strong circumstantial evidence of conscious

misbehavior or recklessness.'" Id. (internal citation omitted).[5]  The Complaint does not meet this pleading standard, alleging no facts in support of either of these two tests.  Instead, it simply recites the elements of the fraudulent conveyance statute and in a conclusory fashion alleges that "the Transfers were made with the actual intent to hinder, delay, or defraud the Debtors' creditors."  Compl. ¶ 48.  This is clearly not enough to satisfy the stringent pleading standard of Federal Rule 9(b).  See Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Constr., Inc.), 373 B.R. 262, 268-69 (Bankr. S.D.N.Y. 2007) (dismissing claim for intentional fraudulent conveyance because "the Complaint has no allegations whatsoever concerning the Debtor's own intent to hinder, delay or defraud its creditors"); Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.), 343 B.R. 444, 469 (Bankr. S.D.N.Y. 2006) (dismissing claim for actual fraudulent conveyance where committee "provides no additional allegations of fraudulent intent necessary to support its claim for actual fraudulent transfer").

        16.     Although the Trustee is not required to allege scienter with regard to the Corporate Defendants under section 548(a)(1)(A) off the Bankruptcy Code, the Trustee is required to explain how each of the Corporate Defendants "participated" in the fraud under Federal Rule 9(b).  The Complaint fails to explain which of the Corporate Defendants received which assets, or how each took part in the alleged fraud.  Indeed, only Grewal's role in the transfers is discussed (albeit without any factual particularity), while the Complaint does no more than name the Corporate Defendants as parties who allegedly received the assets but without

---

[5] Put another way, the Trustee is "'allowed to rely on 'badges of fraud' to support his case, i.e., circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent.'"  Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.), 403 F.3d 43, 56 (2d Cir. 2005).  While the Trustee does allege some of the badges of fraud, in particular with regards to the "close relationship between the parties," that is simply not enough to allege intent on behalf of the Defendants.  Id.

ever describing or discussing how such entities took part in the alleged fraud.  "'When fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant.'"  Tese-Milner v. TPAC, LLC (In re Ticketplanet.com), 313 B.R. 46, 59 (Bankr. S.D.N.Y. 2004) (internal citation omitted); see DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ("Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.").  This failure to adequately plead the role of each corporate entity is also fatal to the Trustee's fraud claim, which must be dismissed.

### B.    The Trustee's Claim For Breach Of Fiduciary Duty Must Be Dismissed

17.    The Complaint alleges that Grewal breached his fiduciary duties of good faith and fair dealing owed to the Debtor and its creditors by being a "a party to various fraudulent conveyances" (Compl. ¶ 25-27), which he "participated in . . . for his own benefit." Id. ¶ 28.  Because the claim for breach of fiduciary duty lodged against Grewal is based on a fraud claim, the claim for breach must be pled with particularity under Federal Rule 9(b).  See Nisselson v. Ford Motor Co. (In re Monahan Ford Corp. of Flushing), 340 B.R. 1, 41 (Bankr. E.D.N.Y. 2006) ("To the extent that a breach of fiduciary duty claim is based on fraud, the allegations surrounding the breach of fiduciary duty claim must be stated with particularity.") (emphasis added); Responsible Person of Musicland Holding Corp. v. Best Buy Co., Inc. (In re Musicland Holding Corp.), 2008 WL 5377701, at *5 (Bankr. S.D.N.Y. Dec. 23, 2008) ("Even where fraud is not an element of the claim, the allegations must satisfy Fed.R.Civ.P. 9(b) if the claim is based on fraudulent conduct."); Kolbeck v. LIT Am., Inc., 939 F. Supp. 240, 245 (S.D.N.Y. 1996) ("To the extent [a claim for breach of fiduciary duty is] based on fraud, the allegations . . . must meet the particularity requirements of Fed.R.Civ.P. 9(b).").  Instead, the

Trustee uses the same conclusory allegations as the basis for its fiduciary duty claim against Grewal.  Thus, the fiduciary duty claim against Grewal must also be dismissed for failure to meet the Federal Rule 9(b) pleading requirements.

18.    Under Colorado law, "[i]n order to recover a claim for breach of fiduciary duty, a plaintiff must prove: 1) that the defendant was acting as a fiduciary of the plaintiff; 2) that he breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages."  Graphic Directions, Inc. v. Bush, 862 P.2d 1020, 1022 (Colo. Ct. App. 1993).[6]  While a breach of fiduciary duty claim would typically be sufficiently pled under Federal Rule 8(a), in this instance – where the alleged breach of fiduciary duty is based upon an allegation of fraud – it must be pled according to the higher standard of Federal Rule 9(b).  "Generally, a non-fraud claim will 'sound in fraud' if the claim arose out of events that the pleading describes in terms of fraud or the pleading includes a claim based on fraud, and the non-fraud claim incorporates the fraud allegations."  Official Comm. of Unsecured Creditors of Grumman Olson Indus., Inc. v. McConnell (In re Grumman Olson Indus., Inc.), 329 B.R. 411, 429 (Bankr. S.D.N.Y. 2005).[7]

---

[6] The Trustee alleges that Grewal breached his fiduciary duties to the Debtor under New York Business Corporation Law §§ 717, 719, and 720.  Nevertheless, under New York choice of law rules, "a claim of breach of fiduciary duty owed to a corporation is governed by the law of the state of incorporation."  In re BP p.l.c. Derivative Litig., 507 F. Supp. 2d 302, 308 n.16 (S.D.N.Y. 2007) (internal citation omitted).  Where no federal policy is implicated, bankruptcy courts should apply the choice of law rules of the forum state.  See Bianco v. Elkins (In re Gaston & Snow), 243 F.3d 599, 601-02 (2d Cir. 2001); see also Tese-Milner v. TPAC, LLC (In re Ticketplanet.com), 313 B.R. 46, 62 (Bankr. S.D.N.Y. 2004) (applying New York choice of law rules and holding that "[u]nder New York law, the law of the state of incorporation governs an allegation of breach of fiduciary [duty] owed to a corporation").  Accordingly, Colorado law, not New York law, applies to Plaintiff's second cause of action.

[7] See also Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004), where the Second Circuit ruled that non-fraud claims brought under the Securities Act of 1933 in conjunction with securities fraud claims under the Securities Exchange Act of 1934 actually "sounded in fraud" and that the non-fraud claims also needed to be plead with particularity since they too "rel[ied] upon averments of

19.     The Trustee's claim for breach of fiduciary duty against Grewal clearly "sounds in fraud."  The Complaint focuses on allegedly fraudulent conveyances and explicitly argues that those allegedly fraudulent conveyances form the basis of the alleged breach of fiduciary duty by Grewal.  In particular, the Complaint alleges that "[a]t the time of said fraudulent conveyances, Grewal owed fiduciary duties of due care, loyalty and fair dealing to the creditors of the Debtor."  Compl. ¶ 27.  Thus, the Trustee's claim for breach of fiduciary duty must meet the high pleading standard required by Federal Rule 9(b).  The Complaint, however, is completely devoid of any specific allegations that could be used to support the breach of fiduciary duty claim against Grewal.  The Complaint does not explain Grewal's intent or motive in committing the alleged breach, nor is there any specific discussion of Grewal's participation in the transfers, other than the general unspecified allegation that he "participated" in them (Compl. ¶ 28), and that Debtor transferred its assets to the Corporate Defendants at his "direction." Compl. ¶ 13.  Coupled with the lack of information identifying the transfers themselves (see supra, Section I.A), this claim contains none of the particularized facts necessary to survive a motion to dismiss.  Accordingly, this claim must be dismissed under Federal Rule 12(b)(6).

## II.     THE TRUSTEE'S ATTEMPT TO PIERCE THE CORPORATE VEIL MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

20.     The Trustee alleges, again in wholly conclusory fashion, that Grewal "exercised domination and control over the Debtor and its activities," and that he should "be held personally and individually liable for all debts of the Debtor."  Compl. ¶¶ 21-22.  Accordingly, Plaintiff seeks to have the Debtor's "corporate form" disregarded and hold Grewal liable for an amount to be determined at trial.  Id. ¶ 23.  In seeking this form of relief, Plaintiff does not,

---

fraud."  Id. at 171.  The Second Circuit went on to find that the non-fraud claims in fact "sounded in fraud" because "the wordings and imputations of the complaint are classically associated with fraud."  Id. at 172.

however, specify which state's law should apply to the cause of action, and relies entirely on

conclusory allegations which fail to address the key elements of a claim for piercing the

corporate veil.

21.    Disregarding the corporate form, or "piercing the corporate veil," is "a

state law claim." <u>Sonnenblick-Goldman Co. v. ITT Corp.</u>, 912 F. Supp. 85, 88 (S.D.N.Y. 1996).

Because the Debtor is a Colorado corporation, the law of that state determines whether Plaintiff

may pierce the corporate veil and hold Grewal personally responsible for claims against the

Debtor.[8]

22.    Colorado courts hold that, when determining "whether piercing the

corporate veil is appropriate, the court must first inquire into whether the corporate entity is the

alter ego of the shareholder.  Only then will actions ostensibly taken by the corporation be

considered acts of the shareholder." <u>Connolly v. Englewood Post No. 322 Veterans of Foreign</u>

<u>Wars of the U.S., Inc. (In re Phillips)</u>, 139 P. 3d 639, 644 (Colo. 2006).  The Colorado Supreme

Court has held that this first prong of the inquiry must focus on:

> a variety of factors, including whether (1) the corporation is operated as a
> distinct business entity, (2) funds and assets are commingled, (3) adequate
> corporate records are maintained, (4) the nature and form of the entity's
> ownership and control facilitate misuse by an insider, (5) the business in
> thinly capitalized, (6) the corporation is used as a 'mere shell,' (7)
> shareholders disregard legal formalities, and (8) corporate funds or assets
> are used for noncorporate purposes.

<u>Id.</u>  Assuming that the Court finds that the shareholder is the corporation's alter ego by applying

---

[8] Plaintiff does not identify which state's law controls in this instance, nor does he list the
elements necessary to state a viable claim under any state's law.  Under New York choice of law
principles, which the Court is obliged to follow in this instance (<u>see</u> <u>supra</u>, note 7), "'[t]he law of
the state of incorporation determines when the corporate form will be disregarded and liability
will be imposed on shareholders.'" <u>Fletcher v. Atex, Inc.</u>, 68 F.3d 1451, 1456 (2d Cir. 1995)
(internal citation omitted); <u>see also</u> <u>In re Alper Holdings USA, Inc.</u>, 2008 WL 5251454, at *8
(S.D.N.Y. Dec. 15, 2008) (holding that under New York choice of law rules, the court refers to
the state of incorporation when determining whether to pierce the corporate veil).

the eight factors listed above, Colorado courts next inquire into "whether justice requires recognizing the substance of the relationship between the shareholder and the corporation over the form because the corporate fiction was 'used to perpetrate a fraud or defeat a rightful claim,'" and, finally, "whether an equitable result will be achieved by disregarding the corporate form and holding the shareholder personally liable for the acts of the business entity."  Id. (internal citation omitted).

23.    The Trustee fails to plead acts in the Complaint with respect to any of the factors identified by the Colorado Supreme Court as necessary to determine whether the shareholder is the Debtor's "alter ego," either wholly ignoring them or resorting to conclusory allegations.  In particular, the Complaint states generally that Grewal "controlled" the Debtor's operations (Compl. ¶ 11), that he was "responsible for the daily operations of the Debtor and controlled the corporate decisions of the Debtor" (id. ¶ 18), and that "[u]pon information and belief," the Debtor's board was controlled by Grewal and was "either non-existent or non-functioning."  Id. ¶ 19.  Nowhere does Plaintiff plead facts corresponding to the specific considerations listed by the Colorado Supreme Court for determining whether the shareholder actually is the alter ego of the corporation.

24.    Moreover, the Complaint has not pled facts particularizing any fraud allegedly committed by Grewal.  Thus, even if the Complaint could establish that Grewal was the Debtor's alter ego (which it does not), this claim cannot succeed as a matter of Colorado law since the veil will be pierced only if the "corporate fiction was 'used to perpetrate a fraud or defeat a rightful claim.'"[9]  Phillips, 139 P.3d at 644 (internal citation omitted).  See In re First

---

[9] Indeed, given that corporate veil piercing is only available under Colorado law where "fraud or injustice" is present, this claim also "sounds in fraud" and is therefore subject to the pleading standard of Federal Rule 9(b).  See supra, II.B.

Assured Warranty Corp., 383 B.R. 502, 528 (Bankr. D. Colo. 2008) (applying Colorado law and finding that "justice does not require [the court] to disregard the corporate form, because there has been no assertion that . . . [the] corporate fiction [was used] to perpetuate a fraud . . . or otherwise defeat a rightful claim"); Gude v. City of Lakewood, Colorado, 636 P.2d 691, 698 (Colo. 1981) (holding that piercing the corporate veil is only available where fraud and injustice are present). Thus, under Colorado law, Plaintiff has not sufficiently plead a claim to pierce the corporate veil, and this claim must be dismissed.

25.     Aside from ignoring the law applicable to its claim, and therefore failing to plead a claim under Colorado law, the Trustee's corporate veil piercing cause of action must also fail because it is based on no more than conclusory allegations. "Notwithstanding the liberal pleading standards . . . the plaintiff must plead facts sufficient to show a basis to pierce the corporate veil . . . and bald and conclusory allegations will not be considered." Kittay v. Atl. Bank of N.Y. (In re Global Serv. Group LLC), 316 B.R. 451, 463-64 (Bankr. S.D.N.Y. 2004) (internal citations omitted); see De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (dismissing attempt to pierce the corporate veil where pleadings were "devoid of any specific facts or circumstances supporting [the] assertion" that alleged fraud had been caused by the dominating shareholder); O'Connell v. Arthur Anderson LLP (In re Alphastar Ins. Group Ltd.), 383 B.R. 231, 279-80 (Bankr. S.D.N.Y. 2008) (applying Bermuda law and dismissing claim to pierce corporate veil based on conclusory allegations, which are "insufficient under American pleading rules to state a claim"); In re Verestar, Inc., 343 B.R. 444, 460 (Bankr. S.D.N.Y. 2006) (finding that "conclusory allegations of control are not sufficient to state a claim for alter ego liability or piercing the corporate veil"). Accordingly, Plaintiff's claim to pierce the corporate veil must also be dismissed on this ground.

### III.    PLAINTIFF'S CLAIM FOR CONSTRUCTIVELY FRAUDULENT TRANSFER DOES NOT MEET THE PLEADING STANDARD AND MUST BE DISMISSED

26.    Plaintiff alleges that the transfer of "all" of the Debtor's assets is constructively fraudulent and, in support, simply parrots the elements of the claim rather than alleging facts regarding the transfers themselves.  This type of pleading is not sufficient to satisfy even the admittedly liberal "notice" pleading standard of Federal Rule 8(a).  The lack of any specificity whatsoever with regard to this claim makes it impossible for Defendants to answer the Complaint, assert affirmative defenses, and defend against the claim.  Thus, the pleading standard under Federal Rule 8(a) is not met and the Trustee's claim for constructively fraudulent transfer should be dismissed.

27.    Section 548(a)(1)(B) of the Bankruptcy Code permits the Trustee to avoid "constructively fraudulent" transfers of property from the estate on behalf of an insolvent debtor. 11 U.S.C. § 548(a)(1)(b).  A claim under this provision is "based on the transferor's financial condition and the sufficiency of the consideration provided by the transferee, not on fraud."  In re Verestar, 343 B.R. at 460.  To establish a claim of constructive fraud, "a plaintiff must allege facts showing that (i) the debtor had an interest in the property; (ii) a transfer of that interest occurred within the prescribed time period; (iii) the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (iv) the debtor received less than reasonably equivalent value in exchange for such transfer."  Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Constr., Inc.), 373 B.R. 262, 271 (Bankr. S.D.N.Y. 2007) (citing BFP v. Resolution Trust Corp., 511 U.S. 531, 535 (1994)).

28.    As a constructive fraud claim is not premised on fraud, it "need not be pleaded with particularity" pursuant to Federal Rule 9(b).  Tese-Milner v. TPAC, LLC (In re Ticketplanet.com), 313 B.R. 46, 68 (Bankr. S.D.N.Y. 2004).  Thus, a claim for constructive

fraud will not be dismissed if it meets the notice pleading standard set by Federal Rule 8(a). When determining whether to dismiss a claim for constructive fraud, "'the sole consideration should be whether, consistent with the requirements of Rule 8(a), the complaint gives the defendant sufficient notice to prepare an answer, frame discovery and defend against the charges.'"  In re Actrade Fin. Techs. Ltd., 337 B.R. 791, 802 (Bankr. S.D.N.Y. 2005) (internal citation omitted).  See also In re Enron Corp., 2006 WL 2400369, at *5 (Bankr. S.D.N.Y. May 11, 2006) ("The Bankruptcy Rules only require a petitioner to set forth a short and plain statement of the [constructive fraud] claim . . . The purpose of the statement is to provide 'fair notice' of the claim and 'the grounds upon which it rests.'").  Here, the Complaint fails to state a claim for constructive fraud because it does not meet the pleading standard of Federal Rule 8(a).

29.    The Complaint makes a vague and conclusory allegation that "all of the assets" of the Debtor – including a mix of "oil and gas leases, real property, an asphalt refinery and gas and mineral interests both in the United States and China" – were transferred to the Corporate Defendants within a year prior to the Petition Date.  Compl. ¶¶ 12-13.  No facts – in particular, which specific assets were transferred to which specific Corporate Defendants, the value of those assets, and what consideration was received in exchange – are alleged.  Instead, the Complaint merely recites the elements of the claim, without elaboration or detail.  Even when pleading under Federal Rule 8(a), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007); see also Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.), 32 B.R. 199, 204 (Bankr. S.D.N.Y. 1983) ("A complaint that merely repeats the wording of the statute and includes no facts in support of its allegations will be met with disfavor.").

30.    Given the total absence of even the most rudimentary details regarding the transfers, it is impossible for Defendants to "'prepare an answer, frame discovery and defend against the charges.'"  Actrade Fin. Techs., 337 B.R. at 802 (internal citation omitted); see In re Allou Distribs., Inc., 379 B.R. 5, 31 (Bankr. E.D.N.Y. 2007) (finding Federal Rule 8(a) pleading standard not met where complaint "does not identify the source, dates, or amounts of the transfers that the Trustee claims may be recovered"); State Bank & Trust Co. v. Spaeth (In re Motorwerks, Inc.), 371 B.R. 281, 294, 293 (Bankr. S.D. Ohio 2007) (holding that a fraudulent conveyance claim did not meet the "minimum information required by [Federal] Rule 8[(a)]" when the Trustee failed "to provide . . . notice of the underlying transfers to be avoided[,] hindering the . . . ability to prepare an adequate answer and affirmative defenses").  As that court explained:

> fail[ing] to identify, by date or amount, even one actual transfer from the [d]ebtor . . . that is to be avoided . . . [the transferee is] unable to respond . . . with affirmative defenses such as 'the [transferee] gave contemporaneous new value for that transfer,' 'that transfer was made in the ordinary course of business,' or 'the Debtor received reasonably equivalent value for that transfer.'

Id. at 293, 294.  Here too, Defendants have no way to respond to the Complaint's conclusory claims.  What defenses can be interposed if they do not know what asset it is alleged they have, or how much was received by the Debtor in exchange?  Similarly, how can they "frame discovery" or "prepare and answer"?  Accordingly, Plaintiff's cause of action for constructively fraudulent transfer must be dismissed for failure to state a claim.[10]

---

[10] Even under the standard adopted by this Court in Fabrikant, see supra section I.A, the Trustee has not sufficiently pled an action for constructively fraudulent transfer.  There, the Court did not dismiss a constructively fraudulent transfer claim because "[t]he factual allegations . . . provide the [defendants] with clear notice of what the plaintiff intends to prove."  In re M. Fabrikant & Sons, Inc., 394 B.R. 721, 736 (Bankr. S.D.N.Y. 2008).  In particular, Plaintiff specified the dollar amounts of the transfer at issue and the specific entities to whom the transfers were made.  No

## IV.    THE TRUSTEE'S ADDITIONAL STATE LAW
## CONVEYANCE CLAIMS MUST BE DISMISSED

31.    The Trustee alleges alternative grounds for avoiding the allegedly

fraudulent conveyances at issue by resorting to New York state law.  In particular, Plaintiff

alleges that Defendants violated New York Debtor & Creditor Law ("DCL") § 270 *et seq.*

avoiding fraudulent conveyances.  Thus, pursuant to the power granted to the Trustee under

section 544(b) of the Bankruptcy Code, the Trustee seeks to avoid the allegedly fraudulent

conveyances under New York law.  These claims should be dismissed because they also fail to

meet the pleading requirements under Federal Rules 8(a) and 9(b).

32.    The relevant federal and state statutes are essentially identical; DCL

§§ 273-275 parallel 11 U.S.C. 548(a)(1)(B), while DCL § 276 parallels 11 U.S.C. 548(a)(1)(A).

"Because the [DCL] parallels Section 548, the two statutes are interpreted similarly by the

courts."  Balaber-Strauss v. Sixty-Five Brokers (In re Churchill Mortgage Inv. Corp.), 256 B.R.

664, 677 (Bankr. S.D.N.Y. 2000).  Moreover, the same pleading standards which apply to the

federal statutes also apply to the state statutes.  See In re Sharp Int'l Corp., 403 F.3d 43, 56 (2d

Cir. 2005) (holding that a claim for intentional fraudulent transfer brought under DCL § 276

must be pled with specificity, as required by Federal Rule 9(b)); In re Verestar, Inc., 343 B.R.

444, 459-460 (Bankr. S.D.N.Y. 2006) ("A claim for actual fraudulent transfer pursuant to

§ 548(a)(1)(A) or applicable State law must satisfy the requirements of Rule 9(b) of the Federal

Rules of Civil Procedure."); Federal Nat'l Mortgage Ass'n v. Olympia Mortgage Corp., 2006

WL 2802092, at *8 (E.D.N.Y. Sep. 28, 2006) (holding that a claim under New York state law for

---

similar facts are alleged by the Trustee here and, thus, the notice pleading standard of Federal
Rule 8(a) is not met.  See also In re Enron Corp., 2006 WL 2400369, at *8 (Bankr. S.D.N.Y.
May 11, 2006) (claim for constructively fraudulent transfer upheld where plaintiff identified
actual dollar amount of the transfer, date of transfer, mode of transfer, and entity which received
transferred money).

fraudulent conveyance by constructive fraud is subject to Federal Rule 8(a) pleading standards).

Because the Trustee fails to adequately allege a fraudulent conveyance under 11 U.S.C.

548(a)(1)(A) and (B), the Trustee necessarily fails to do so under the DCL.  Accordingly, the

state law claims should be dismissed under Federal Rule 12(b)(6) for the same reasons that the

federal law claims should be dismissed.  See supra sections I.A and III.

## V.   THE TRUSTEE'S TURNOVER CLAIMS MUST BE DISMISSED

33.   The Trustee also alleges "turnover" claims against Defendants in which

the Trustee seeks the return of property of the estate that is allegedly in the Defendants'

possession.  These claims must be dismissed because, if the remaining claims for fraudulent

conveyance are dismissed, there is no predicate upon which Plaintiff can base the turnover

claims.

34.   In particular, Plaintiff seeks turnover of property of the estate under

sections 541, 542, and 550 of the Bankruptcy Code.  Section 541 identifies the property of a

corporate debtor's estate as consisting principally of "all legal or equitable interests of the debtor

in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), plus interests in

property that the trustee recovers or preserves, proceeds of estate property, and property the

estate acquires after the commencement of the case.  11 U.S.C. § 541(a)(3)-(4), (6)-(7).  Section

542(a) provides that "an entity . . . in possession, custody or control . . . of property that the

trustee may use, sell, or lease  . . . shall deliver to the trustee, and account for, such property or

the value of such property."  11 U.S.C. § 542(a).  Section 550(a) provides that "to the extent that

a transfer is avoided under section[s] 544 . . . [or] 548 . . . of this title, the trustee may recover,

for the benefit of the estate, the property transferred."  11 U.S.C. § 550(a).

35.   Clearly, there is no predicate to seek relief pursuant to section 550 of the

Bankruptcy Code because the Court should dismiss the claims for fraudulent conveyance for failure to meet the pleading requirements under Federal Rules 8(a) and 9(b).  See In re Allou Distribs., Inc., 379 B.R. 5, 31-32 (Bankr. E.D.N.Y. 2007) (dismissing claim to turnover allegedly fraudulent transfer under Section 550(a)(1) and (2) for failure to meet the necessary pleading standards of either Federal Rules 8(a) or 9(b) where plaintiff "does not identify the source, dates, or amounts of the transfers that the Trustee claims may be recovered").

36.     Similarly, no relief is available under section 542 of the Bankruptcy Code, as that provision only applies to property of the estate, and it has not yet been determined that the assets in question are in fact property of the estate.  See Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.), 325 B.R. 134, 137 (Bankr. S.D.N.Y. 2005) ("[P]roperty that has been fraudulently or preferentially transferred does not become property of the estate until it has been recovered.").  Thus, "any alleged fraudulent transfer is not subject to turnover until it has been recovered and is property of the estate." In re Andrew Velez Constr., Inc., 373 B.R. 262, 273 (Bankr. S.D.N.Y. 2007).  Accordingly, the turnover claims must be dismissed.

## RESERVATION OF RIGHTS

37.     In accordance with Federal Rule 15, as incorporated in this adversary proceeding pursuant to Bankruptcy Rule 7015, the movants reserve their right to amend, revise, or otherwise supplement this Motion.

## CONCLUSION

WHEREFORE Defendants respectfully request entry of an order dismissing the

Complaint in its entirety and granting Defendants such other and further relief as is just and

proper.

Dated: New York, New York
       March 2, 2009

                                        /s/ Brian S. Rosen
                                        Brian S. Rosen (BR 0571)
                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, NY 10153
                                        Tel: 212-310-8000
                                        Fax: 212-310-8007

                                        *ATTORNEYS FOR RANDEEP GREWAL,*
                                        *GREWAL (ROYALTY) LLC, ALEXI*
                                        *HOLDINGS LIMITED, ALL ROUND*
                                        *MANAGEMENT LIMITED, AND GREWAL*
                                        *INVESTMENTS, LLC*