UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re | Chapter 7 |
| SABA ENTERPRISES, INC., | Case No. 05-B-60144 (AJG) |
|                Debtor. | |

-------------------------------------------------------------X

| | |
|---|---|
| JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE OF SABA ENTERPRISES, INC., | |
|                Plaintiff, | |
| -against- | Adv. Pro. No. 09-1001 |
| GRECOGAS LIMITED, GREKA ENERGY INTERNATIONAL BV, RINCON ISLAND LIMITED PARTNERSHIP, GREKA OIL & GAS, INC., GREKA INVESTMENTS, INC. F/K/A GREKA, CA., INC., SANTA MARIA REFINING COMPANY, GREKA INTEGRATED, INC., GREWAL INVESTMENTS, INC., GREWAL (ROYALTY) LLC, ALEXI HOLDINGS LIMITED, ALEXI REALTY, INC., ALL ROUND MANAGEMENT LIMITED, and RANDEEP S. GREWAL, | |
|                Defendants. | |

-------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY
GREKA CHINA LIMITED F/K/A GRECOGAS LIMITED AND
<u>GREKA ENERGY (INTERNATIONAL) B.V. TO DISMISS COMPLAINT</u>**

Stevens & Lee, P.C.
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500

Attorneys for Defendants
Greka China Limited f/k/a Grecogas Limited
and Greka Energy (International) B.V.

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .................................................................................................................................3

   I. THE COMPLAINT MUST BE DISMISSED AS TO THE GREKA
      INTERNATIONAL COMPANIES FOR LACK OF PERSONAL
      JURISDICTION. ..............................................................................................................3

   II. THE CAUSES OF ACTION FOR INTENTIONAL FRAUDULENT
      TRANSFER ARE NOT PLED WITH SUFFICIENT PARTICULARITY
      AND MUST BE DISMISSED. ........................................................................................5

   III. THE CAUSES OF ACTION FOR CONSTRUCTIVE FRAUDULENT
       TRANSFER ARE INSUFFICIENTLY PLED AND MUST BE DISMISSED. ........................7

   IV. THE CAUSE OF ACTION FOR TURNOVER CANNOT BE MAINTAINED
       WITH RESPECT TO PROPERTY TRANSFERRED BY THE DEBTOR
       PRIOR TO THE BANKRUPTCY PETITION, AND AS TO WHICH
       THERE IS NO ALLEGATION OF CURRENT POSSESSION. ................................................8

   V. THE CLAIMS AGAINST THE GREKA INTERNATIONAL COMPANIES
      SHOULD BE DISMISSED WITH PREJUDICE. .....................................................................8

CONCLUSION ............................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Denny v. Carey*,
    72 F.R.D. 574 (E.D. Pa. 1976) ...................................................................................... 4

*Duravest, Inc. v. Viscardi, A.G.*,
    581 F. Supp.2d 628 (S.D.N.Y. 2008) ............................................................................. 4

*Lentell v. Merrill Lynch & Co., Inc.*,
    396 F.3d 161 (2d Cir.), *cert. denied*, 546 U.S. 935 (2005) ........................................... 9

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
    273 F. Supp. 2d 351 (S.D.N.Y. 2003) ............................................................................ 9

*Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp)*,
    222 B.R. 417 (Bankr. S.D.N.Y. 1998) ........................................................................... 6

*Official Comm. of Unsecured Creditors v. J.P. Morgan Chase Bank, N.A. et al. (In re M. Fabrikant & Sons, Inc.)*,
    394 B.R. 721 (Bankr. S.D.N.Y. 2008) ....................................................................... 5, 6

*Official Committee of Unsecured Creditors v. Transpacific Corp. Ltd. (In re Commodore Int'l Ltd.)*,
    242 B.R. 243 (Bankr. S.D.N.Y. 1999) ........................................................................... 4

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1984) ......................................................................................................... 4

*Rush v. Savchuk*,
    444 U.S. 320 (1980) ....................................................................................................... 4

*Segal v. Gordon*,
    467 F.2d 602 (2d Cir. 1972) ........................................................................................... 6

*Ulysses I & Co., Inc. v. Feldstein*,
    No. 01 CV3102 LAP, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), *aff'd sub nom. Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003), *cert. denied*, 543 U.S. 812 (2004) ...................................................................................................... 10

*Weinstein v. Appelbaum*,
    193 F. Supp. 2d 774 (S.D.N.Y. 2002) ............................................................................ 9

SL1 913634v3/101202.00001

**STATUTES, RULES & REGULATIONS**

11 U.S.C. § 541 ...........................................................................................................................8

11 U.S.C. § 542 ...........................................................................................................................8

11 U.S.C. § 548(a)(1)(B) ............................................................................................................7

11 U.S.C. § 550(a) ......................................................................................................................8

FED. R. CIV. P. 8(a) .....................................................................................................................7

FED. R. CIV. P. 9(b) .............................................................................................................4, 5, 6

N.Y. DEBT. & CRED. LAW § 274 ................................................................................................7

SL1 913634v3/101202.00001

Defendants Greka China Limited ("Greka China"), formerly known as Grecogas Limited ("Grecogas") and Greka Energy (International) B.V. ("Greka B.V.") (collectively, the "Greka International Companies") submit this reply memorandum in further support of their motion to dismiss the common law and principal bankruptcy claims asserted against them in the Complaint dated January 2, 2008 (the "Complaint"), pursuant to Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure.[1]

## PRELIMINARY STATEMENT

In response to the motions to dismiss the Complaint by all defendants, the Trustee has put forth a single seven-page objection, to which he attaches a proposed Amended Complaint. The Amended Complaint represents an improvement over the original Complaint, but it still falls short of the mark. The Amended Complaint does not address any of the deficiencies raised by the Greka International Companies as concerns them. Moreover, by specifying a transfer in which the Greka International Companies were neither the transferees nor the entities benefited by the transfer, the Trustee has brought to the forefront an argument that the Greka International Companies previously only noted, because the relevant facts had not previously been pled – that the Greka International Companies cannot be liable for a fraudulent transfer in which they themselves were the entities that were transferred.

The Amended Complaint does add some detail concerning the property transferred by the Debtor. Nevertheless, these additional "facts" do not allege how, when, or

---

[1] In the original Complaint, the First Cause of Action (piercing the corporate veil) and Second Cause of Action (breach of fiduciary duty) were brought solely against Randeep Grewal individually. In the proposed Amended Complaint the First Cause of Action is also against Alexi Holdings Ltd. and All Around Management Limited. In neither instance do these Causes of Action implicate either of the Greka International Companies. The Greka International Companies therefore seek dismissal of the Third, Fourth, Fifth and Sixth Causes of Action.

whether either of the Greka International Companies received any of Debtor's assets, and the nature of the assets transferred to the Greka International Companies.

Significantly, as stated in the Grewal Declaration ("Grewal Decl."), which the Greka International Companies submitted in connection with their motion to dismiss for lack of personal jurisdiction, Greka China f/k/a Grecogas Limited was a subsidiary of the Debtor from 2002 until January 1, 2004, when it was transferred to Alexi Holdings Limited, one of the defendants in this adversary proceeding. Grewal Decl. ¶ 2. Since 2003 Greka B.V. has been a wholly owned subsidiary of Greka China f/k/a Grecogas Limited. Grewal Decl. ¶ 5. Although it cannot be discerned from the original Complaint, the transfer of Greka China f/k/a Grecogas Limited to Alexi Holdings Limited may be one of the transfers about which the Trustee is complaining. This transfer carried with it the ownership of Greka B.V. Thus, Greka China f/k/a Grecogas Limited and Greka B.V. may be neither transferees nor parties benefited by transfers from the Debtor; they were the very entities transferred. Grewal Decl. ¶¶ 2, 5 & nn. 1, 2.

The Amended Complaint clears up this issue by affirmatively alleging that (i) Debtor "was the 100% owner of … Grecogas Ltd." (Amended Complaint ¶ 11); (ii) "Grecogas Ltd., in turn, owned 100% of [Greka B.V.] which had, amongst its assets, contracts for mineral and natural gas rights in China" (Amended Complaint ¶ 12); (iii) "Grewal, the sole director of the Debtor, approved a corporate resolution … approving the transfer of … Grecogas Ltd. (owner, through [Greka B.V.], of contracts for mineral and natural gas rights in China)" (Amended Complaint ¶ 19); and (iv) "Grewal formed Green Dragon Gas with its major assets the same contracts for mineral and natural [gas] rights in China that he caused to be transferred from the Debtor" (Amended Complaint ¶ 25). These new allegations make it clear that the Trustee has evidence showing Greka China f/k/a Grecogas Limited and Greka B.V. are

2

neither transferees nor parties benefited by the alleged transfers from the Debtor, but that they were the very entities that were transferred.

Thus, the Trustee's failure to address the Complaint deficiencies, magnified by the Amended Complaint's confirming that the Greka International Companies were entities transferred by the Debtor, and not the recipients or beneficiaries of any transfers made, leads to the inexorable conclusion that the adversary proceeding against the Greka International Companies must be dismissed.

## ARGUMENT

### I.

### THE COMPLAINT MUST BE DISMISSED AS TO THE GREKA INTERNATIONAL COMPANIES FOR LACK OF PERSONAL JURISDICTION.

In their main brief, the Greka International Companies set forth eight and a half pages explaining how they lack minimum contacts with the United States, and how the Trustee fails to plead sufficient minimum contacts in the Complaint, justifying the dismissal of the Complaint for lack of personal jurisdiction. Motion, pp. 9-17. The Greka International Companies also submitted the Grewal Declaration, detailing the acquisition of each of the Greka International Companies, and declaring under penalty of perjury that neither of the Greka International Companies ever had or currently has sufficient minimum contacts with the United States to justify personal jurisdiction.

In response, the Trustee offers no evidence, either by affirmation or by publicly filed documents, to refute the Grewal Declaration testifying to the Greka International Companies' lack of minimum contacts with the United States. Instead, the Trustee provides a terse one-paragraph conclusion that the Greka International Companies "were participants in a complex scheme," that the "precise 'details of the scheme'… 'are peculiarly within the

3

knowledge of the defendants',"  and that this makes it "inappropriate to dismiss the Complaint" for lack of personal jurisdiction over the Greka International Companies. Objection ¶ 20.

The Trustee cites to one case, *Denny v. Carey*, 72 F.R.D. 574 (E.D. Pa. 1976), in supposed support of his position. The *Denny* decision concerns a motion to dismiss for failure to plead fraud with particularity – repeating the accepted doctrine concerning Rule 9(b) pleading requirements – and has nothing whatsoever to do with the court's personal jurisdiction over a foreign defendant, which as set forth in the Greka International Companies' main brief, is grounded in the Due Process clause of the Fifth Amendment to the United States Constitution. *Denny* does nothing to refute, or even question, what the Greka International Companies wrote in their main brief, that the Due Process clause protects the liberty interest of each defendant, *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1984); and that the minimum contacts demonstration required by *International Shoe* must be met as to each defendant. *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Jurisdiction over the Greka International Companies does not come automatically because of jurisdiction over Mr. Grewal or any other related entity. *See, e.g., Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp.2d 628, 639 (S.D.N.Y. 2008); *Official Committee of Unsecured Creditors v. Transpacific Corp. Ltd. (In re Commodore Int'l Ltd.)*, 242 B.R. 243, 251 (Bankr. S.D.N.Y. 1999) (both cited in Greka International Companies' Main Brief at 14-15).

The Trustee cannot skirt this Constitutional requirement by merely alleging that the Greka International Companies "were participants in a complex scheme," Objection ¶ 20; *see* Amended Complaint ¶ 10; especially when the only specifics alleged by the Trustee are that the Greka International Companies were entities that were transferred, that is to say entities acted upon, rather than actors (transferors or transferees) themselves. Amended Complaint ¶ 19,

4

clause (ii). The Trustee's unsubstantiated allegation of conspiracy is not an adequate substitute for a demonstration that the Greka International Companies have the necessary minimum contacts with the United States to subject them to having to defend in this Court. The adversary proceeding must therefore be dismissed as to the Greka International Companies for lack of personal jurisdiction.

## II.

### THE CAUSES OF ACTION FOR INTENTIONAL FRAUDULENT TRANSFER ARE NOT PLED WITH SUFFICIENT PARTICULARITY AND MUST BE DISMISSED.

In their main brief, the Greka International Companies sought dismissal of the Fourth and (in part) Fifth Causes of Action, which seek to recover intentional fraudulent transfers under the Bankruptcy Code and New York State law, for failure to satisfy the particularity requirements of FED. R. CIV. P. 9(b). A principal argument in the main brief was that the Complaint failed to "specify the property that was allegedly conveyed, the timing and frequency of those allegedly fraudulent conveyances, [and] the consideration paid." *Official Comm. of Unsecured Creditors v. J.P. Morgan Chase Bank, N.A. et al. (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721, 733-34 (Bankr. S.D.N.Y. 2008) (Bernstein, C.J.) (dismissing actual fraudulent transfer claims where complaint failed to identify "any specific transfer, transferor, transferee, or date of transfer"). The Amended Complaint contains none of this missing information as concerns the Greka International Companies. Neither the Complaint nor the Amended Complaint alleges what specific transfers the Greka International Companies received or benefited from. Rather, as stated above, the Amended Complaint specifically alleges that the Greka International Companies were entities that were transferred, and were not transferors or transferees. Amended Complaint ¶ 19, clause (ii). The original and amended versions fail Chief Judge Bernstein's test, which, as the Main Brief establishes, is the correct test to apply.

5

In response, the Trustee hides behind the fact that he is an "outsider" and does not have first-hand knowledge of the transactions alleged in his Complaint. The Trustee claims the Rule 9(b) particularity pleading standards should therefore be relaxed, and that under these relaxed standards he has adequately pled intentional fraudulent transfer. Objection ¶¶ 11-15.

The Trustee misses the mark on this argument. The Trustee may be entitled to greater deference than an ordinary fraud plaintiff, but he is not entitled to disregard the requirements completely. *See Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp)*, 222 B.R. 417, 427-28 (Bankr. S.D.N.Y. 1998) (adopting rule that when a matter is in defendant's exclusive possession trustee can plead fraud on information and belief so long as trustee pleads particular facts providing a sufficient basis for the belief, and nevertheless dismissing trustee's fraud claim for failing to so plead and failing to satisfy Rule 9(b)); *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972) ("generall allegations that there was fraud, … or conpsiracy or characterization of acts or conduct in these terms … are not enough no matter how frequently repeated."). The Trustee is disinterested, but that does not make him significantly more of an "outsider" than the Creditors' Committee in *M. Fabrikant*, whose complaint was dismissed by Chief Judge Bernstein. Moreover, prior to bringing the Complaint, the Trustee has conducted Rule 2004 examinations, and borrowed money on a superpriority basis to retain experts. *See* In re Saba Enterprises, ECF Docket Entries 20-39, 49-56, 63, 73, 81, 82, 84-95, 99, 100, 132 and 139 (Rule 2004 applications and orders approving same); 117 and 129 (motion and order approving borrowing of money on superpriority basis). The Trustee has been able to set forth a fairly extensive historical background in the Amended Complaint. *See* Amended Complaint ¶¶ 11-26. Based on the foregoing, the Trustee is not exempt from the obligation to allege the basic particular facts about any transfer that either of the Greka International

Companies received or benefited from that would enable the Greka International Companies to defend themselves.

Neither the Trustee's original Complaint nor Amended Complaint satisfies the minimal particularity requirements as to the Greka International Companies. As such, the intentional fraudulent transfer claims pled in the Fourth and Fifth Causes of Action as against the Greka International Companies should be dismissed.

In addition, the Greka International Companies' main brief at 22-24 establishes that in a claim for actual fraudulent transfer under New York law, a plaintiff must sufficiently plead the intent of the transferee as well as that of the transferor. Not only has there been no attempt by the Trustee to plead the fraudulent intent of the transferees, as concerns the Greka International Companies, there has not been any allegation that either of them was a transferee of any particular transfer. Therefore, the intentional fraudulent transfer claim under New York law should be dismissed as to the Greka International Companies on this ground as well.

## III.

### THE CAUSES OF ACTION FOR CONSTRUCTIVE FRAUDULENT TRANSFER ARE INSUFFICIENTLY PLED AND MUST BE DISMISSED.

The Greka International Companies have moved to dismiss the Third and (in part) Fifth Causes of Action seeking recovery of the alleged transfers as being constructively fraudulent under Bankruptcy Code section 548(a)(1)(B) and New York Debtor & Creditor Law section 274 for failing to satisfy even the very low pleading threshold of Rule 8(a). In addition to all the reasons set forth in the main brief at 24-27, the Amended Complaint supplies a more powerful reason to dismiss these causes of action. That reason is what has been referred to on several occasions above: In the only specific transfer alleged to involve the Greka International Companies, they were the things transferred and not the transferees or the entities benefited by

7

SL1 913634v3/101202.00001

the transfer. Therefore, the Greka International Companies have no liability under 11 U.S.C. § 550(a), and these causes of action against them should be dismissed.

## IV.

### THE CAUSE OF ACTION FOR TURNOVER CANNOT BE MAINTAINED WITH RESPECT TO PROPERTY TRANSFERRED BY THE DEBTOR PRIOR TO THE BANKRUPTCY PETITION, AND AS TO WHICH THERE IS NO ALLEGATION OF CURRENT POSSESSION.

The Trustee's Sixth Cause of Action is for turnover under sections 541, 542 and 550 of the Bankruptcy Code. The Greka International Companies do not seek dismissal of the Sixth Cause of Action for failure to plead fraud with particularity. Rather, this claim is fatally deficient for two other reasons: The Trustee cannot seek turnover of property transferred by the Debtor prior to the bankruptcy petition, and the Complaint contains no allegations that the Greka International Companies currently possess any property of the estate. Motion, pp. 27-28.

In response, the Trustee simply states "The Sixth Cause of Action is for the Turnover of Property of the Estate pursuant to 11 U.S.C. §§ 541, 542 and 550 and is not premised upon fraud." Objection ¶ 16. The Trustee fails to address the Greka International Companies' two substantive grounds for dismissing the turnover claim, thereby conceding the Trustee has no claim for turnover. The Sixth Cause of Action must therefore be dismissed.

## V.

### THE CLAIMS AGAINST THE GREKA INTERNATIONAL COMPANIES SHOULD BE DISMISSED WITH PREJUDICE.

The Trustee's Complaint contains several fatal deficiencies requiring dismissal of the Complaint in its entirety. Now, having reviewed the Greka International Companies' and other Defendants' motions to dismiss, the Trustee has submitted a proposed Amended Complaint that supposedly cures the pleading defects, and has asked the Court for leave to file the Amended

8

Complaint. Objection ¶ 18, Exh. A. The Amended Complaint has not rectified the Complaint's deficiencies as to the Greka International Companies.

In this reply memorandum of law, the Greka International Companies have discussed the deficiencies of both the original and Amended Complaint. If the Trustee could plead particular facts in support of his claims against the Greka International Companies – indeed, if such facts existed at all – he would have done so in the Amended Complaint. Failing to do so clearly demonstrates the Trustee's theories are fundamentally flawed and his pleading deficiencies are irreparable.

If the Court agrees with the Greka International Companies and dismisses all the claims in the Complaint, the Greka International Companies should not have to respond to a second attempt at an Amended Complaint, which would be a third attempt at a Complaint. *See In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 273 F. Supp. 2d 351, 390 (S.D.N.Y. 2003) (plaintiffs had no right to amend and re-plead where they had "ample opportunity to craft their complaints" and were on notice of pleading deficiencies), *aff'd sub nom. Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161 (2d Cir.), *cert. denied*, 546 U.S. 935 (2005); *see also Weinstein v. Appelbaum*, 193 F. Supp. 2d 774, 782 (S.D.N.Y. 2002) ("The best evidence of plaintiffs' ability to state a claim if leave to replead is granted is the amended complaint they have already filed, and the amended complaint does not cut it."). The Trustee's original and Amended Complaint devote their allegations to pleading doctrine after doctrine in conclusory fashion while leaving the Greka International Companies to try to understand what, if anything, is alleged against them for which they could be held liable. The expense for the Greka International Companies in responding is already significant. The Greka International Companies should not be put through that expense another time, especially where it is clear that

9

the Amended Complaint fails to remedy the Trustee's pleading deficiencies and another series of motion papers will need to be prepared and filed with the Court. *See Ulysses I & Co., Inc. v. Feldstein*, No. 01 CV3102 LAP, 2002 WL 1813851, at *18 (S.D.N.Y. Aug. 8, 2002) (enjoining plaintiff from pursuing further claims against defendants and dismissing complaint with prejudice when plaintiff's multiple amendments had "[imposed] upon the scarce resources of the state and federal courts of several districts and states"), *aff'd sub nom. Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003), *cert. denied*, 543 U.S. 812 (2004).

## **CONCLUSION**

For all of the foregoing reasons, the Greka International Companies respectfully request that the Court dismiss the Third, Fourth, Fifth and Sixth Causes of Action in their entirety, dismiss the Complaint with prejudice, and that the Greka International Companies be granted such other and further relief as is just.

Dated: New York, New York
April 15, 2009

>
> Respectfully submitted,
>
> STEVENS & LEE, P.C.
>
> By: /s/ Alec P. Ostrow
> Alec P. Ostrow
> Constantine D. Pourakis
> 485 Madison Avenue, 20th Floor
> New York, New York 10022
> Telephone: (212) 319-8500
> Facsimile: (212) 319-8505
> Email: apo@stevenslee.com
> cp@stevenslee.com
>
> Counsel to Defendants Greka China Limited f/k/a Grecogas Limited and Greka Energy (International) B.V.

SL1 913634v3/101202.00001