WEIL, GOTSHAL & MANGES LLP
Attorneys for Randeep S. Grewal, Grewal (Royalty)
LLC, Alexi Holdings Limited, All Round Management
Limited, and Grewal Investments, LLC
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Diane Harvey, Esq. (DH 2486)
Brian S. Rosen, Esq. (BR 0571)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re                                                                              **Chapter 7**

**SABA ENTERPRISES, INC.,**                                      Case No. 05-B-60144 (AJG)

       **Debtor.**
-------------------------------------------------------------X
JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF SABA ENTERPRISES, INC.,

       **Plaintiff,**

      -against-        Adv. Pro. No. 09-01001 (AJG)

GRECOGAS LIMITED, GREKA ENERGY
INTERNATIONAL BV, RINCON ISLAND
LIMITED PARTNERSHIP, GREKA OIL
& GAS, INC., GREKA INVESTMENTS,
INC. F/K/A GREKA, CA., INC., SANTA
MARIA REFINING COMPANY, GREKA
INTEGRATED, INC., GREWAL INVESTMENTS,
INC., GREWAL (ROYALTY) LLC, ALEXI
HOLDINGS LIMITED, ALEXI REALTY, INC.,
ALL ROUND MANAGEMENT LIMITED, and
RANDEEP S. GREWAL,

       **Defendants.**
-------------------------------------------------------------X

**REPLY OF RANDEEP S. GREWAL, GREWAL (ROYALTY) LLC,
ALEXI HOLDINGS LIMITED, ALL ROUND MANAGEMENT LIMITED, AND
GREWAL INVESTMENTS, LLC TO THE CHAPTER 7 TRUSTEE'S
OBJECTION TO DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT**

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

Defendants Randeep S. Grewal ("Grewal"), Grewal (Royalty) LLC, Alexi Holdings Limited, All Round Management Limited, and Grewal Investments, LLC (collectively, the "Defendants") hereby file this joint reply to the Objection (the "Objection") Chapter 7 Trustee (the "Trustee" or "Plaintiff"), to Defendants' Motion (the "Motion") for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the complaint (the "Complaint") filed on January 2, 2009 on behalf of Saba Enterprises, Inc. ("Saba" or the "Debtor") by the Trustee and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.  In its Motion, Defendants demonstrated that the Plaintiff has failed to properly plead any cause of action propounded in the Complaint. Namely, the fraud claims that the Trustee purported to assert were not pled with the level of particularity required under Federal Rule 9(b), nor did the Complaint make any attempt to plead scienter -- an element of any fraud claim. The Trustee's non-fraud claims were so lacking in detail that they failed to meet even the more lenient "notice pleading" standard of Federal Rule 8(a). In the Objection, the Trustee either fails to address the specific arguments raised by Defendants, or offers no compelling rebuttal to them. Accordingly, the Complaint should be dismissed for failure to state a cause of action.

2.  Recognizing that the Complaint is deficient under the applicable pleading standards, the Trustee seeks to put before the Court a proposed Amended Complaint (the "Proposed Amended Complaint") containing additional allegations against the Defendants. The Trustee's Proposed Amended Complaint contains more paragraphs but it is just as deficient and

subject to dismissal as the original Complaint for the very same reasons – failure to plead scienter and failure to plead fraud with the level of particularity required by Federal Rule 9(b) with regard to the claims based upon purported fraudulent conduct, and a failure to provide the notice pleading required under Federal Rule 8(a) with respect to the remaining claims. Thus, leave to amend the Complaint should be denied as futile.

## ARGUMENT

### A. The Complaint Should Be Dismissed Because No Claims Against the Defendants Have Been Properly Pled

3. As detailed below, the Objection offers inapposite case law, irrelevant arguments, or, in some instances, simply ignores those aspects of the Complaint which run afoul of the pleading requirements.

#### 1. Plaintiff Has Failed To Plead Fraud With The Requisite Particularity

4. The Complaint alleges, without factual particularity, that the Defendants engaged in fraudulent transfers of "all" of the Debtor's assets to Grewal and the Defendants. Compl. ¶ 13. Defendants demonstrated that the Complaint fails to sufficiently plead with factual particularity the elements of a fraud claim as required under Federal Rule 9(b). While the Trustee admits that Federal Rule 9(b)'s pleading standards are applicable to this cause of action, he argues that the Court should adopt a "liberal view" of that rule because 'a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge . . ." See Obj. ¶ 11, 13. The Trustee then maintains that he has met this "liberal" standard because he has pled enough of the so-called "badges of fraud" to survive dismissal, including "the lack of adequacy of consideration; the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, the onset of financial difficulties or pendency or threat of suits by creditors, and the general chronology of events and transactions under inquiry." Id. ¶ 12.

5. Plaintiff's reliance on the so-called "badge of fraud" pleading standard fails for several reasons. First, the cases cited by the Trustee in support of this argument make clear that the "badges of fraud" may only be used to establish the elements of scienter on the part of the transferor.[1] The Trustee still must specify which property was allegedly conveyed, the timing and frequency of the conveyances, and the consideration paid -- all factual information which is nowhere pled in the Complaint, and which courts in this jurisdiction have determined is grounds for dismissal.[2] See Mot. ¶ 14.

6. Second, a review of the Complaint shows that the Trustee has failed to plead with factual particularity any of these so-called "badges of fraud". Notably, the Complaint does not identify the specific consideration received by the Debtor for any of the transferred assets but simply alleges that "the Debtor did not receive reasonably equivalent value for these transfers." Compl. ¶ 16. The Trustee has never identified a "pattern or series of transactions" or provided any "general chronology" other than alleging in bare bones fashion that "prior to the petition date, the Debtor . . . transferred to the Corporate Defendants all of the assets of the Debtor." Compl. ¶ 13. Nor does the Complaint allege any facts concerning any "onset of financial difficulties or pendency or threat of suits by creditors" in the Complaint. The Complaint simply fails to plead a cause of action under section 548(a)(1)(A) of the Bankruptcy Code and New York Debtor and Creditor Law ("DCL") § 276, and should be dismissed.

---

[1] Nisselson v. Softbank AM Corp. (In re Marketxt Holdings Corp.), 361 B.R. 369 (Bankr. S.D.N.Y. 2007), which the Trustee relies upon and quotes directly from in paragraph 11 of the Objection, makes clear that "courts will allow allegations of circumstantial evidence to establish fraudulent intent, such as the well-established 'badges of fraud.'" Id. at 395-96 (emphasis added) (citation omitted).

[2] Given the more than two-years in which the Trustee has had to take Rule 2004 discovery, these facts should be well within his knowledge. He cannot argue that such information is unavailable because he is "an outsider to the transactions in question." Obj. ¶ 15.

### 2. The Complaint Fails To Plead Constructive Fraud With The Requisite Particularity

7.     Defendants demonstrated that the Trustee's claim for constructive fraudulent transfer fails to meet Federal Rule 8(a) "notice pleading" standard because the Complaint alleged no facts regarding the transfers, such as which specific assets were transferred to which specific Corporate Defendants, the value of those assets, and what consideration was received in exchange.  The Trustee contends in his Objection that the constructive fraudulent transfer claim should not be dismissed because it is not grounded in fraud and thus "the heightened pleading requirements" of Rule 9(b) do not apply.  Obj. ¶ 9.  The Trustee misses the mark.  While Defendants agree that Rule 9(b) does not apply in pleading this cause of action, the "notice pleading" standard of Federal Rule 8(a) surely does and the Complaint fails to meet this standard.  See Mot. ¶¶ 26-30.  Other than making the self-serving assertion that the Complaint "fairly apprises the Defendants of the charges made against them and is sufficient under" Federal Rule 8(a), (Obj. ¶ 17), the Trustee never responds to the specific arguments raised by Defendants regarding the Complaint's outright failure to comply with Rule 8(a).  See Mot. ¶¶ 29-30.  Accordingly, this cause of action should be dismissed.

### 3. The Complaint Fails To Plead The Breach Of Fiduciary Duty Claim With The Requisite Particularity

8.     The Trustee's breach of fiduciary duty claim against Grewal must be pled with particularity under Rule 9(b) because it is premised upon the Trustee's fraudulent conveyance claim and therefore sounds in fraud.  See Mot. ¶¶ 17-19.  In the Objection, the Trustee cites two cases for the notion that this cause of action should not be dismissed based upon a Rule 9(b) pleading deficiency.  Neither of these decisions support the Trustee's position and indeed one of them stands for the very opposite position.  Obj. ¶¶ 7-8.

9.     In Bosio v. Norbay Sec. Inc., 599 F. Supp. 1563 (E.D.N.Y. 1985), the

Court found that a breach of fiduciary duty claim did not have to be pled with particularity, but defendant in that case did not argue that the breach of fiduciary duty claim sounded in fraud – as Defendants do here.

10. In Rahl v. Bande, 328 B.R. 387 (S.D.N.Y. 2005), the Court held that a heightened pleading standard "is applicable to breach of fiduciary claims only when the breach is premised on a defendant's fraudulent conduct." Id. at 412. Nevertheless, the court in Rahl held that because the causes of action which plaintiff based the breach of fiduciary duty claim upon were "not premised on fraud and contain no allegations that amount to fraudulent conduct on the part of the . . . defendants," the plaintiff was not required to plead breach of fiduciary duty with particularity. Id. at 413. Any fair reading of the Complaint shows that the breach of fiduciary duty cause of action is based predominantly on fraud allegations. See Mot. ¶ 19. Nowhere in the Objection does the Trustee contest this point. Thus, the Trustee's cause of action of breach of fiduciary duty should be dismissed.

### 4. The Complaint Fails To Plead The Corporate Veil Piercing Claim With The Requisite Particularity

11. Defendants established in their motion that Colorado law applied to this claim, and that under Colorado law, (i) the Trustee must plead facts relating to eight specific considerations for determining whether the shareholder is the alter ego of the corporation, and (ii) that piercing the corporate veil is only permitted where the corporate fiction was "used to perpetuate a fraud or defeat a rightful claim." See Mot. ¶¶ 21-24. In response, the Trustee only argues that his corporate veil piercing claim seeking to hold Grewal personally responsible for claims against the Debtor should not be dismissed because "it does not require allegations of fraud." Obj. ¶ 6. The Trustee is incorrect. Moreover, a cause of action to pierce the corporate veil must be pled with particularity, which the Trustee utterly fails to do. See Mot. ¶ 25. The

Trustee fails to plead such issues with factual particularity (in addition to not pleading in accordance with the requirements of Colorado law), and therefore, this cause of action should be dismissed.

### 5. The Complaint Fails To Plead The Elements Of A Turnover Of Property Claim

12. The Trustee argues that his cause of action for turnover of property pursuant to sections 541, 542, and 550 of the Bankruptcy Code should not be dismissed for failure to state a cause of action because it "is not premised upon fraud." Obj. ¶ 16. The Trustee's objection is irrelevant; Defendants argued that this cause of action should be dismissed not because the requisite pleading standard was not met, but because there is no predicate upon which to base the turnover claims. See Mot. ¶¶ 33-36.

### B. The Trustee's Proposed Amended Complaint Is As Deficient As The Complaint And Would Not Withstand A Motion to Dismiss

13. As an alternative to dismissing the Complaint, the Trustee seeks leave to file the Proposed Amended Complaint. The Trustee fails to explain why any of the allegations contained in the draft Proposed Amended Complaint could not have been included in the Complaint. In any event, no such leave should be granted.

14. Leave to amend should be denied where amendment of the complaint would be futile because the amended complaint fails to state a cause of action.[3] See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d. Cir. 2000) ("Where the amended portion of the

---

[3] The Trustee seeks leave to file an amended complaint in the event the Court grants Defendants' Motion. See Obj. ¶ 18. It is irrelevant that the Trustee may appeal of right under Federal Rule 15(a) because a responsive pleading has not yet been filed if the proposed amended complaint would be futile. See Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (holding that where plaintiff sought leave to amend and submitted a proposed amended complaint in response to defendant's motion to dismiss, "the district judge may review [the proposed amended complaint] for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted").

complaint would fail to state a cause of action . . . the district court may deny the party's request to amend"); Union Carbide Corp. v. Siemens Westinghouse Power Corp., 2002 WL 31387269, at *4 (S.D.N.Y. Oct. 23, 2002) (denying leave to amend where doing so would be futile and holding that "[f]utility exists where 'the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis'") (citation omitted). The causes of action contained in the Proposed Amended Complaint are deficiently pled. Accordingly, the Trustee should not be granted leave to amend the Complaint, which instead should be dismissed with prejudice.

15. First, the Proposed Amended Complaint -- like the Complaint -- fails to state a claim for actual fraudulent transfer under Section 548(a)(1)(A) or applicable New York law. Although the Trustee identifies at least two assets as having been allegedly fraudulently transferred -- Greka Integrated and Grecogas Ltd. (the "Transfers") -- the dates on which the Transfers were made, and the consideration paid, those allegations cannot be relied upon to plead with particularity the necessary element of scienter.[4]

16. Specifically, the Trustee's only basis for pleading scienter rests upon the allegation that the Transfers occurred on January 5, 2005 -- several days <u>after</u> a judgment was entered against the Debtor alleged by the Trustee to be January 1, 2005, and that the Transfers therefore represented a conscious attempt to remove assets from the Company before those judgments could be satisfied. <u>See</u> Proposed Amd. Compl. ¶¶ 18-19, 22. This sole allegation cannot form the basis of scienter as it is factually inaccurate. The Transfers did not occur <u>after</u> the judgments were issued. The docket entries from the consolidated cases in which those

---

[4] Under DCL § 276, the Complaint must also allege scienter on the part of the transferees. <u>See</u> <u>In re Marketxt Corp.</u>, 361 B.R. at 395. The Amended Complaint, in this case, contains no allegations regarding the transferee's fraudulent intent.

judgments were issued -- which the Court can take judicial notice of -- show that they were in fact entered against the Debtor in New Mexico state court on January 18, 2005 -- after the date on which the Trustee alleges the Transfers took place. (A copies of the docket is attached hereto as Exh. A). See Mangiafico v. Blumenthal, 471 F.3d 391, 397 (2d Cir. 2006) (holding that "docket sheets are public records of which the Court could take judicial notice"); Reed v. Alexander, 2008 WL 3155310, at *1 (N.D.N.Y. Aug. 4, 2008) (taking judicial notice of docket sheet from the United States District Court for the Western District of New York); Gunn v. Lajoie, 2007 WL 3119682, at *1 (D. Conn. Oct. 25, 2007) (taking judicial notice of state court docket).[5]

17. Moreover, the Transfers at issue did not occur on January 5, 2005. The Proposed Amended Complaint alleges that the Transfers took place on January 5, 2005 by citing to the so-called "Grewal Resolution" of that date as "approving the transfer of, inter alia (i) Greka Integrated . . . and (ii) Grecogas Ltd. . . . ." Amd. Compl. ¶ 19.[6] (A copy of the Grewal Resolution is attached hereto as Exh. B). The Grewal Resolution, however, only states that the "effective date of the Company's acquisition from Greka Energy Corporation . . . of the entire

---

[5] See also Fed. R. Evid. Rule 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

[6] The Trustee did not attach the Grewal Resolution to the Proposed Amended Complaint. But it is clear that the Trustee is relying on a January 6, 2005 resolution of Alexi Holdings Limited executed by Randeep Grewal in his capacity as sole director, a copy of which was provided to the Trustee prior to the filing of the Complaint (among all the corporate records of the Debtor). As the Grewal Resolution is integral to the Proposed Amended Complaint, it is appropriate for this Court to consider it in its entirety. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) ("For the purposes of [Federal Rule 12(b)], 'the complaint is deemed to include . . . any statements or documents incorporated in it by reference' . . . Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect' which renders the document 'integral' to the complaint.") (citations omitted).

shareholding in Grecogas Limited is hereby amended and restated to be January 1, 2004 . . ." Not only is there no indication in the Grewal Resolution that the Transfers at issue actually took place on January 5, 2005 – as the Trustee contends – but there is also no mention whatsoever of any transfer of Greka Integrated. The allegation underpinning the Trustee's scienter argument is therefore unsupported by the facts and should be disregarded. See Brown v. New York City Hous. Auth., 2006 WL 1378599, at *1 (S.D.N.Y. May 17, 2006) ("[W]here allegations set out in the complaint are contradicted by . . . material attached to or incorporated by reference in the complaint, the Court is not obliged to credit the allegations in the complaint."); Rapoport v. Asia Electronics Holding Co., Inc., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (holding that if the complaint relies on documents which "contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint."). The cause of action under section 548(a)(1)(A) or applicable New York law is subject to dismissal under Federal Rule 12(b)(6) and, accordingly, the Trustee should not be granted leave to file the Proposed Amended Complaint which includes this cause of action. See Rapoport, 88 F. Supp. 2d at 187 (denying leave to amend because "'insofar as all the claims contained in the [a]mended [c]omplaint are belied by the plain language of the [P]rospectus it would be an exercise in futility as well as a waste of judicial resources to allow further amendment.'") (citation omitted). Rather, as discussed above, any claim for actual fraudulent transfer should be dismissed.

18. The Proposed Amended Complaint's constructive fraud claims under section 548(a)(1)(B) of the Bankruptcy Code and DCL §§ 273-275 are also deficiently pled under Federal Rule 8(a). A cause of action pled pursuant to that rule must provide the defendant with "sufficient notice to prepare an answer, frame discovery and defend against the charges."

Silverman v. Actrade Capital, Inc. (In re Actrade Fin. Techs. Ltd.), 337 B.R. 791, 802 (Bankr. S.D.N.Y. 2005) (internal citations omitted).  Accordingly, the Trustee must identify "the necessary vital statistics - the who, when, and how much" of the alleged transfers.  Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.), 379 B.R. 5, 31-32 (Bankr. E.D.N.Y. 2007) (finding Federal Rule 8(a) pleading standard not met where complaint "does not identify the source, dates, or amounts of the transfers that the Trustee claims may be recovered . . ."); Official Committee of Unsecured Creditors of M. Fabrikant & Sons v. JP Morgan Chase Bank (In re M. Fabrikant & Sons, Inc.), 394 B.R. 721, 736 (Bankr. S.D.N.Y. 2008) (upholding claim for constructively fraudulent transfer where complaint identified the transferee, the amount of the assets transferred, and the timing of the transfers).  As discussed above (supra, ¶ 14), the Proposed Amended Complaint fails to allege the dates of the transfers in question.  It also fails to identify the entity which received Grecogas Ltd from the Debtor.  See Prop. Amd. Compl. ¶ 19.  In the absence of such information, the Trustee cannot assert a claim for constructively fraudulent transfer.  Since it is subject to dismissal under Federal Rule 12(b)(6), leave to amend should not be granted and the cause of action should be dismissed with prejudice.

19.     The Proposed Amended Complaint's breach of fiduciary duty claim against Grewal is pled no better than it was in the Complaint.  The cause of action is based squarely on the allegedly fraudulent transfer causes of action; it therefore sounds in fraud and must be pled with particularity pursuant to Rule 9(b).  See supra ¶ 5.  The Trustee not only failed to argue in the Objection that this cause of action did not sound in fraud, but he also failed to plead this cause of action with particularity in the Amended Complaint.  The Proposed Amended Complaint does not explain Grewal's intent or motive in committing the alleged breach.  See supra, ¶¶ 13-14.  Moreover, the Trustee does not allege with particularity that the Debtor was

insolvent when the actual transfers took place, and that as a result, a duty was even owed by Grewal to creditors under relevant Colorado law. See Alexander v. Anstine, 152 P.3d 497, 502 (Colo. 2007) ("Under the common law, when a corporation becomes insolvent, a duty arises in its directors and officers to the corporation's creditors.") (emphasis added). Indeed, the Proposed Amended Complaint contains no new particularized allegations regarding the alleged breach of fiduciary duty, relying instead on regurgitated conclusory allegations that Grewal "controlled" the Debtor, that he "participated in all of these fraudulent conveyances for his own benefit," and that the transfers "evince a high level of moral turpitude on the part of Grewal." Prop. Amd. Compl. ¶¶ 40, 42-43. Accordingly, the Trustee should not be granted leave to amend his cause of action for breach of fiduciary duty, as it is subject to dismissal under Federal Rule 12(b)(6), and the claim should instead be dismissed with prejudice. Moreover, the Trustee did not contest the application of Colorado law to this cause of action. Thus, the Trustee should not in any event be granted leave to amend the Complaint to the extent he claims that Grewal breached his fiduciary duty pursuant to New York law. See Prop. Amd. Comp. ¶ 44.

20. Although the Trustee now alleges claim for piercing the corporate veil against two additional defendants in addition to Grewal (Alexi Holdings Ltd. and All Around Management), the Proposed Amended Complaint still fails to meet the standard set by the Colorado Supreme Court for piercing the corporate veil. None of the eight factors laid out by the Court for determining whether a shareholder is the corporation's alter ego are addressed. See Mot. ¶ 22. Moreover, the Proposed Amended Complaint does not plead any facts particularizing a fraud committed by Grewal, Alexi Holdings Ltd., or All Around Management. Id. ¶ 24. Since the corporate veil will be pierced only where the "corporate fiction was 'used to perpetuate a fraud or defeat a rightful claim,'" this claim cannot succeed as a matter of Colorado law. See

Connolly v. Englewood Post No. 322 Veterans of Foreign Wars of the U.S., Inc. (In re Phillips), 139 P.3d 639, 644 (Colo. 2006). The Proposed Amended Complaint also fails to plead this cause of action with the factual particularity required whenever a cause of action for piercing the corporate veil is pled in this jurisdiction. See Mot. ¶ 25. Since the Proposed Amended Complaint fails to add any new factual allegations, it is subject to dismissal under Federal Rule 12(b)(6). Accordingly, leave to amend this cause of action should be denied, and it should be dismissed with prejudice.

21. The Proposed Amended Complaint's cause of action for turnover of property pursuant to sections 542 and 550 of the Bankruptcy Code cannot withstand a motion to dismiss. First, there is no predicate to seek relief pursuant to section 550 because the Court should dismiss the claims for fraudulent conveyance for failure to meet the pleading requirements under Federal Rules 8(a) and 9(b). See Mot. ¶ 35. Additionally, as it has not yet been determined that any assets in question are in fact property of the estate, the cause of action for turnover under section 542 is inapplicable. Id. ¶ 36. Accordingly, leave to amend should be denied and this cause of action should be dismissed with prejudice.

22. Lastly, Defendants Grewal (Royalty) LLC, Grewal Investments LLC, and All Around Management Limited are not specifically identified in the Proposed Amended Complaint as the recipients of any the transferred entities. Thus, the Proposed Amended Complaint fails to state a claim for constructive fraud against these entities. See Mot. ¶ 30. Similarly, as there are no particular allegations regarding these entities' participation in any alleged actual fraud, the Proposed Amended Complaint also fails to state a claim against them for actual fraud under section 548(a)(1)(A). See Mot. ¶ 16. Accordingly, leave to amend the complaint with regards to these causes of action against the foregoing entities should be denied

on grounds of futility.

## CONCLUSION

WHEREFORE Defendants respectfully request entry of an order dismissing the Complaint in its entirety, and denying the Trustee leave to file the Proposed Amended Complaint, and granting Defendants such other and further relief as is just and proper.

Dated: New York, New York
April 15, 2009

/s/ Diane Harvey
Diane Harvey (DH 2486)
Brian Rosen (BR 0571)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: 212-310-8000
Fax: 212-310-8007

*ATTORNEYS FOR RANDEEP GREWAL, GREWAL (ROYALTY) LLC, ALEXI HOLDINGS LIMITED, ALL ROUND MANAGEMENT LIMITED, AND GREWAL INVESTMENTS, LLC*