UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re                                                          Chapter 7

SABA ENTERPRISES, INC.,                                        Case No. 05-B-60144 (JMP)

                Debtor.

---------------------------------------------------------------X
JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF SABA ENTERPRISES, INC.,

                Plaintiff,

            -against-                        Adv. Pro. No. 09-1001

GRECOGAS LIMITED, GREKA ENERGY
INTERNATIONAL BV, RINCON ISLAND
LIMITED PARTNERSHIP, GREKA OIL
& GAS, INC., GREKA INVESTMENTS,
INC. F/K/A GREKA, CA., INC., SANTA
MARIA REFINING COMPANY, GREKA
INTEGRATED, INC., GREWAL INVESTMENTS,
INC., GREWAL (ROYALTY) LLC, ALEXI
HOLDINGS LIMITED, ALEXI REALTY, INC.,
ALL ROUND MANAGEMENT LIMITED, and
RANDEEP S. GREWAL,

                Defendants.
---------------------------------------------------------------X

## STIPULATION AND ORDER OF SETTLEMENT

        WHEREAS, on November 30, 2005 (the "Petition Date"), a voluntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was filed by the Debtor in the United States Bankruptcy Court for the Southern District of New York; and

        WHEREAS, the United States Trustee appointed John S. Pereira as the Trustee pursuant to 11 U.S.C. § 701 of the Bankruptcy Code; and

1

WHEREAS, by this adversary proceeding (the "Adversary Proceeding"), the Trustee has sought to recover from the Defendants on various theories, including transfers that are avoidable under chapter 5 of the Bankruptcy Code; and

WHEREAS, by prior orders of this Court, all claims against Defendants Grecogas Limited, Greka Energy International BV, Rincon Island Limited Partnership, Greka Oil & Gas, Inc., Greka Investments, Inc. f/k/a Greka, CA, Inc., Santa Maria Refining Company, Greka Integrated, Inc., Grewal Investments, Inc. (a non-existent entity), Grewal (Royalty) LLC, Alexi Realty, Inc. (the "Dismissed Defendants") have been dismissed with prejudice; and

WHEREAS, the Defendants other than the Dismissed Defendants (the "Remaining Defendants") have denied the material allegations of the Trustee's complaint and have asserted certain defenses to the claims averred by the Trustee; and

WHEREAS, RESOLVCO LLC ("Resolvco") has acquired many of the claims filed by creditors in the Debtor's bankruptcy case; and

WHEREAS, the Trustee, the Remaining Defendants and Resolvco (collectively the "Parties") have reached a settlement (the "Settlement") of the claims asserted in the Adversary Proceeding;

NOW, therefore the Parties agree as follows:

1. Within five business days after approval by the Bankruptcy Court of this Stipulation, pursuant to a final, non-appealable order, the Remaining Defendants and/or Resolvco will pay to the Trustee the sum of $1,880,000.00 (the "Settlement Amount"), via bank check, certified check or Attorney check made payable to "John S. Pereira, as Trustee of Saba Enterprises, Inc.", in full and final satisfaction of the claims and all costs asserted in the Adversary Proceeding and in the Bankruptcy matter in its entirety.

2. Upon the execution of this Stipulation, the Remaining Defendants and/or Resolvco will cause the Settlement Amount to be deposited into a non-interest- bearing escrow account with the undersigned counsel for Resolvco.  The undersigned counsel for Resolvco will confirm to the Trustee's counsel in writing via email that the deposit of the Settlement Amount has been made into escrow, as a condition of the Trustee's application for Bankruptcy Court approval of this Stipulation and the other obligations set forth in this paragraph 2.  When the Settlement Amount is required to be paid to the Trustee pursuant to paragraph 1 above, the undersigned counsel for Resolvco will make the required payment of the Settlement Amount from the escrow fund.  If this Stipulation is not approved by the Bankruptcy Court within 45 days of the date of this Stipulation, the Settlement Amount will be refunded to the Remaining Defendants and/or Resolvco.  Notwithstanding anything to the contrary, if the Settlement Amount has not been paid to the Trustee in accordance with paragraph 1 (that is, pursuant to a final, non-appealable order) within 90 days of the date of this Stipulation, the Settlement Amount shall be refunded to the Remaining Defendants and/or Resolvco, who agree to pay the Settlement Amount to the Trustee directly if (a) this Stipulation is approved by the Bankruptcy Court within 45 days of the date of this Stipulation, and (b) a final, non-appealable order is obtained after 90 days of the date of this Stipulation (and the Settlement Amount has been refunded to the Remaining Defendants and/or Resolvco from escrow account).  For purposes of this paragraph 2, the date of this Stipulation is the date on which the last of the required signatures of counsel have been affixed and the Stipulation has been delivered to all Parties.

3. Upon payment of the amount set forth in paragraph 1 and the release set forth in paragraph 5 being granted, the Remaining Defendants hereby waive any and all claims against the Debtor's estate.

4. Upon payment of the amount set forth in paragraph 1 and the release set forth in paragraph 5 being granted, all of Resolvco's claims, either direct or obtained via assignment or otherwise, including but not limited to Claim Numbers 6, 13, 15, 17, 18, 22, 25, 30, 31, 33, 40, 52, 56, 58, 60, 64, 65, and 70, are hereby waived.

5. Upon the payment of the sum set forth in paragraph 1 above, the Trustee, for himself and the Debtor's bankruptcy estate, and their successors and assigns, does hereby remise, release and forever discharge the Remaining Defendants, Resolvco and their respective officers, directors, employees, agents, attorneys, shareholders, partners, members, managers, affiliates, successors, and assigns, from any and all claims, debts, demands, actions, causes of action, rights, suits, dues, sum and sums of money, accounts, reckonings, bonds, specialties, indemnities, exonerations, covenants, contracts, controversies, agreements, promises, obligations, omissions, variances, damages, executions and liabilities, whether known or unknown, suspected or unsuspected, absolute or contingent and whether previously asserted or otherwise. This release shall be and remain in effect notwithstanding the discovery of existence of any new or additional fact or any fact different from that which the Trustee knew or believed to be true. The Trustee hereby expressly waives any rights he may have under California Civil Code Section 1542 which provides that: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

6. In exchange for the release provided in paragraph 5 above, the Remaining Defendants and Resolvco, for themselves and their successors and assigns, do hereby remise, release and forever discharge the Trustee, and his respective officers, directors, employees, agents, attorneys, shareholders, affiliates, successors, and assigns, from any and all claims,

debts, demands, actions, causes of action, rights, suits, dues, sum and sums of money, accounts, reckonings, bonds, specialties, indemnities, exonerations, covenants, contracts, controversies, agreements, promises, obligations, omissions, variances, damages, executions and liabilities, whether known or unknown, suspected or unsuspected, absolute or contingent and whether previously asserted or otherwise.  This release shall be and remain in effect notwithstanding the discovery of existence of any new or additional fact or any fact different from that which the Remaining Defendants and Resolvco knew or believed to be true.  The Remaining Defendants and Resolvco hereby expressly waive any rights they may have under California Civil Code Section 1542 which provides that:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

7. This Stipulation may be signed in counterparts and signatures by facsimile or delivered by electronic transmission shall be deemed originals.

8. Except for the provisions of paragraph 2, this Stipulation is subject to Bankruptcy Court approval, and shall not become effective until approved by the Bankruptcy Court in a final, non-appealable order.  In the event such Bankruptcy Court approval is not obtained, this Stipulation shall become null and void, except for paragraph 2.  The Trustee agrees expeditiously to seek Bankruptcy Court approval of this Stipulation.  The Trustee's motion or application seeking such Bankruptcy Court shall be subject to the prior approval of the Remaining Defendants and Resolvco, which approval shall not be unreasonably withheld.  Notwithstanding anything to the contrary herein, the provisions of paragraph 2 shall be effective upon the execution of this Stipulation and is not subject to Bankruptcy Court approval.

9. Promptly following the payment of the sum set forth in paragraph 1 above,

5

counsel for the Trustee and the Remaining Defendants shall sign, and the counsel for the Trustee shall file with the Bankruptcy Court a stipulation dismissing the Adversary Proceeding with prejudice and without costs. The filing of such stipulation with the Bankruptcy Court shall constitute conclusive evidence that the releases provided for in paragraphs 5 and 6 above are in full force and effect.

Dated: Carle Place, New York
       May 20, 2013

                               JONES & SCHWARTZ, P.C.
                               Attorneys for John S. Pereira,
                               Chapter 7 Trustee

                               By: /s/Jeffrey H. Schwartz
                                   Jeffrey H. Schwartz
                                   A Member of the Firm
                                   One Old Country Road, Suite 384
                                   Carle Place, NY 11514
                                   (516) 873-8700

Dated: New York, New York
       May 22, 2013

                               WEIL, GOTSHALL & MANGES, LLP
                               Attorneys for the Remaining Defendants

                               By: /s/Brian S. Rosen
                                   Brian S. Rosen
                                   767 Fifth Avenue
                                   New York, NY 10153
                                   (212) 310-8000

Dated: New York, New York
       May 17, 2013

                                    BECKER, GLYNN, MUFFLY, CHASSIN,
                                    HOSINSKI, LLP
                                    Attorneys for RESOLVCO LLC

                         By:   /s/Alec P. Ostrow
                                    Alec P. Ostrow
                                    299 Park Avenue
                                    New York, NY 10171
                                    (212) 888-3033

SO ORDERED:

_____
JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE